Ruffin, Chief Justice.
 

 — The indictment is founded on the act of assembly, passed in 1833, ch. 144, “ to prevent the felling of timber in the run of Hogan’s creek, in Cas-well county.” The principal difficulty arises upon the dóubt, whether the statute is a private or public one. The indictment does not recite it, but concludes generally,
 
 contra formam statuti.
 
 It is to be collected from the record, that in the opinion of his honour, this is a private law; and in this Court, the counsel for the defendant insists that it is of that character, and, consequently, that the indictment is defective, because it does not state the statute more particularly.
 

 The Court is of opinion, that if this were a private statute, the indictment would not be good. The existence of a private law, is a fact, which must be found or admitted of record, to give the Court information of its contents; and it must be so stated in pleading, as to enable the other side to put it in issue by
 
 nul tiel record,
 
 if the issue to the Court be preferred to one to the jury. The general conclusion against the form of the statute, is not an averment of fact, but merely an inference of Jaw, so that our statutes of
 
 jeofail
 
 relative to indictments, do not reach the case at all.
 

 But after much consideration, we all think, that this is
 
 *117
 
 a public law; of which the Court and jury are bound to take notice, without proof. The distinction between the two kinds of statutes is not marked with a precision, either in the text books or reports, which plainly assigns a particular statute to the one or the other class. Tested by a particular criterion, this would fall amongst private laws. The subject is a singlé creek in a single county; upon which there is no navigation or general trade carried on, as far as appears in the statute, the indictment, or the case stated. But by another criterion, it is determined to be public. It makes the obstruction of the channel of the creek, “a misdemeanor,” and enacts, that any person guilty thereof, shall be liable to be indicted in the County or Superior Court, and, on conviction, shall be fined at the discretion of the Court, not exceeding twenty dollars. The act is not limited to particular persons, but extends to all. It does not barely forbid the deed, and impose a penalty, but it renders the perpetration a crime, to be prosecuted by indictment, in any of our Courts of Record, and to be punished by a fine to the state. In
 
 Rex
 
 v.
 
 Buggs,
 
 Skin. Rep. 428, it was held, that giving a penalty to the King, made a statute public; for it concerned him as sovereign, representing the body politic, and touched the public revenue. That case is recognised as law, in
 
 Rex
 
 v.
 
 Morgan,
 
 2 Strange, 1066, which lays down the same rule. Much more in this case is the law to be judicially noticed; for the creation of a crime, of which all persons are capable, and rendering it punishable by indictment and fine, must inform the Courts of the law, since every man is charged at his peril to abstain from all crimes, and it is the peculiar duty of magistrates to punish them.
 

 The remark found in the common place books, that when an indictment is founded on a private act, it must recite it, is not, when properly understood, in conflict with this opinion. The meaning of such passages is not exemplified by the authors, in whose works they are found; but we suppose them, necessarily, to refer to breaches of public duty, punishable indeed by indictment, according to the general law, but where the duty in that particular instance, is imposed on the individuals charged, by a law against
 
 *118
 
 common right, and confined in its operation to particular persons and places. If, for instance, a statute should be passed, that in one certain county, particular persons designated should keep the highways in repair; or if a town be incorporated and its authorities be invested with power to raise money to keep the streets in repair, and it is made their duty to raise it; but the act does not in either case expressly declare that default shall be a misdemeanor, or be indictable: in those cases, although by the public law, the neglect to repair the highways be a misdemeanor, and the offenders may be indicted, yet the act imposing the duty and burden on the particular individuals must be shown. The reason is, that the Court could not otherwise know that it was their duty. The indictment would be like one under our present law against an overseer of the road, which did not charge that he was overseer. But here the act extends to all persons, and within its own body creates and defines the offence, prescribes the mode of prosecution to be by indictment, and the degree of punishment; so that it is not necessary for any purpose to look beyond the act itself.
 

 Upon the other points, the Court thinks, there was no error. The act begins by saying, “ that if any person shall fell timber,” &c. and then uses these words, “ shall be guilty of a misdemeanor,” &c. without, saying, “ such person,” or, “ he or they so offending,” shall be guilty. An objection to this deficiency of precision might be listened to with more favour, if the act professed to create a felony, or was highly penal against a misdemeanor. But the sense is so clear, and the omitted words are so necessarily to be implied from the context, that the Court is obliged to imply them in the case of an inferior misdemeanor, punishable at the discretion of the Court.
 

 The policy which produced the law, is not known to the Court, and is not declared in the act. It may have been to favour the passage of fish; but it may also have been to encourage navigation up the creek from Dan river; or, more probably, to protect the adjacent lands from the greater destruction by the inundations caused in high waters by such obstructions. The statute makes the act
 
 *119
 
 of obstruction a crime; and therefore the indictment need only aver the fact, without a further averment as to its effect.
 

 For these reasons, we deem the conviction and sentence in the Superior Court right in point of law; and direct that the same be certified to that Court.
 

 Per Curiam. Judgment affirmed.