MARY L. TAYLOR et al., v. SARAH SMITH, et al.

*Action to Enforce Parol Trust in Land—Lis Pendens, Discontinuance of—Purchasers Without Notice—Color of Title.*

Where, in an action to have a parol trust declared in land and to have the legal estate conveyed accordingly, a verdict was rendered in 1875 for the plaintiff and a *nunc pro tunc* judgment fixing the parol trust was rendered on the verdict in 1880, and the subsequent proceedings in said action were directed to other purposes than to establish such

parol trust, deeds for parts of such land made by the holder of the legal estate in 1877 or 1885 to grantees, who went into possession and held aversely to all the world and were not made parties to the action until 1893, were color of title which ripened into full title by seven years possession.

CIVIL ACTION heard before *Timberlake, J.*, at Spring Term, 1897, of CRAVEN Superior Court, on exceptions to the report of a Referee. The plaintiffs appealed from the judgment overruling certain exceptions which are referred to in the opinion.

*Mr. W. D. McIver*, for plaintiffs (appellants).
*Messrs. Simmons & Ward*, for defendants.

MONTGOMERY, J.: The plaintiffs in their complaint allege that Spicer Lane and his wife, Ada, on the 21st day of October, 1849, conveyed two tracts of land in CRAVEN county, particularly described by metes and bounds, to Thompson G. Lane, with a trust in parol attached to the effect that after the payment, by the said Thompson G., and other children of Spicer Lane and his wife Ada, of a certain debt of $950, with interest due by the father, to John S. Lane, the land should belong to the children of the said Spicer and Ada, who were the said Thompson G. Lane, Mary, who afterwards married the other plaintiff, Jane, who afterwards married William Wilcox, Daniel, and Mason and Wiley, who died intestate and without issue; and that Thompson G. should convey to each his or her proportionate part of the land. Originally, the plaintiffs in the action were Mary and her husband, Benaja Taylor, and the defendants were the widow of Thomas G., Sarah, the only child and heir-at-law of Thomas G., and John Wilcox, George Wilcox and S. Williams Wilcox, the children and heirs-at-law of Jane. The successive administrators of Thompson G. were afterwards made parties.

The action was brought to have the parol trust upon the land declared, and to compel the said Sarah, who intermarried with B. J. Smith, to convey to the plaintiff Mary, one half of the land and the residue to the Wilcox children.

Thomas G., in his lifetime, had conveyed to C. J. Dudley 460 acres of the land at the price of $2,300, and had received the same in cash. Daniel Lane, and John and William Wilcox had conveyed their interest in the land to the plaintiff. Mary.

At Spring Term, 1875, of the Superior Court of Craven County, two issues were submitted on the trial, first, Was there a parol trust in favor of the children of Spicer Lane annexed to the conveyance of October 1849? And second, Had the defendant Dudley, previous to or at the time of his purchase, notice of such trust? The answer to the first issue was Yes, and to the second, No.

At the Fall Term of 1880 of the Court, a judgment was rendered upon the verdict, *nunc pro tunc*, and entered as of the Term when the verdict was rendered in the following words:

SUPERIOR COURT,            No. 204.

CRAVEN COUNTY.         Fall Term, 1869.

Benaja Taylor and Mary Taylor, his wife,
Against
Christopher J. Dudley, Nathaniel H. Street, Admr. of Thompson G. Lane, Amanda Lee and Sarah Lane.

Now, December 10th, 1880, it is ordered and adjudged by the Court that judgment be entered upon the findings of the jury upon issues submitted to the jury as follows.

1st. In favor of the defendant Dudley for the land in

controversy as embraced in his deed from Thompson G. Lane.

2nd.   In favor of the plaintiff and against Nathaniel H. Street, administrator of Thompson G. Lane, deceased, and Amanda Lee and Sarah Lane for the proportion of the said plaintiffs of the fund realized from the sale of the trust estate with interest from the time the same was received by Thompson G. Lane, and it is further ordered and adjudged that E. W. Carpenter, clerk of this court, be and is hereby appointed a commissioner to state an account in accordance with the decision of the Supreme Court, filed in this case and report to the next term of this court.   This judgment is in accordance with the agreement of the parties to be *nunc pro tunc* and entered as of the term when the verdict was rendered.

J. F. GRAVES,

Judge presiding."

In June, 1877, Freeman H. Gaskins and E. H. Anderson, each, bought a part of the land described in the complaint, from Daniel Lane, guardian of the defendant Sarah Smith. These guardian sales were confirmed by the Court and deeds executed to the purchasers for the several tracts of land, at or about the time of the sales, and the purchasers went into immediate possession of the land conveyed to them.   On November 27, 1885, Freeman H. Gaskins purchased of the defendant Sarah Smith, and her husband B. J. Smith, another part of the said lands mentioned in the complaint, took a deed therefor and went into immediate possession of the same.   In 1884, an order of dismissal of the action was made, and after the year 1886 the cause remained off the docket until the Fall Term of 1892 of the Superior Court of Craven county, when it was re-instated in the following words:

TAYLOR *v.* SMITH.

"NORTH CAROLINA,        SUPERIOR COURT, 1892.
                     Number 204 and 205
    CRAVEN COUNTY.     Fall Term '69, consolidated.

### Mary L. Taylor

vs.

Sarah Smith, Amanda Lee, John Wilcox, William Wilcox, GeorgeS. Wilcox and J. C. Harrison, Admr. of T. G. Lane, dec'd.

#### ORDER OF REFERENCE.

This cause coming on to be heard upon plaintiff's motion, by consent it is ordered, That J. C. Harrison, Admr. D. B. N. of T. G. Lane, dec'd. and B. J. Smith, husband of Sarah Smith, be admitted to become parties defendant:

That this cause be restored to the docket from which it was dropped by error of the Clerk:

That order consolidating the two actions be entered now as of the judgment formerly made in this action:

That Owen H. Guion be appointed in the stead of E. W. Carpenter to take the account ordered in this action, and that he proceed to take the same on May 26th, 1892, and report to the next term of this Court; ascertaining how much of the purchase money was paid by each of the children of Spicer Lane, and when paid, the value each year of the lands described in the complaint, and who received the same and all such other questions as may be raised by the pleadings and not decided by the verdict and necessary to be tried in the determining of this action in accordance with the opinion of the Supreme Court handed down in this action.

This May 14th, 1892.

                     HENRY R. BRYAN,
               Judge 2nd Judicial District.

W. D McIVER, Plaintiff's Att'y.
CLARK & CLARK, Att'ys for Def'ts "

That order of reference was vacated at a subsequent term of the court, but at the Fall Term of 1893, another order of reference to O. H. Guion was made, similar in character to the former one. A report was made by the referee to the Spring Term of 1895, and exceptions were filed thereto by the plaintiff and defendants Smith and wife. The exceptions to the findings of fact by the referee were not argued here. None of the testimony was printed, and the Court, therefore, could not tell whether the referee made any of his findings upon a total lack of testimony, or not. The 7th conclusion of law found by the referee, is in the following words: "While finding, as a conclusion of law, that this cause has been regularly and lawfully re-instated for the purposes of all orders and decrees made herein, I find that for the purpose of *lis pendens*, owing to the negligent omission, and intermission existing from the year 1875, and upon the order of dismissal entered at the Term of 1884, being in effect a discontinuance of said cause, an intermission of and failure of full prosecution has occurred, which is fatal to the continuity of the *lis pendens*, as existing upon the filing of the complaint in said action, and therefore the deeds to Gaskins and Anderson recited in the findings of fact are not affected by the pendency of said actions and said purchasers take without notice thereof."

The plaintiffs excepted to this conclusion of law and the exception was overruled by His Honor. We think there was error in the ruling of the Court on this point, but the error is harmless as we shall presently point out.

The verdict and judgment of 1875 was a full and final adjudication in favor of the plaintiffs that the parol trust did attach to the whole of the land conveyed to Thomson G. Lane by Spicer Lane and his wife, in 1849. C. J. Dudley, however, who purchased 460 acres of the land without notice of the trust, was in the same verdict and judgment protected

121—11

in his purchase. Gaskins and Anderson who purchased parts. of the land, were made parties to this action at the February Term, 1893, of Craven Superior Court. In their answer, they deny all the material allegations of the complaint and set up a further defence that their purchases were in good faith and for value, and that under their deeds they went into immediate possession and have been holding the lands therein conveyed, adversely, from the time the deeds were made.

We are of the opinion that the deeds to the defendants Gaskins and Anderson, made in 1877, and in 1885, as hereinbefore recited, were color of title, having been made after the verdict and judgment in this case fixing the parol trust on the land; and the defendants having held the land in possession so conveyed to them for more than seven years, adversely to all the world, have obtained a title in fee. All of the proceedings made in the cause since the verdict and judgment of 1875, have been directed to other purposes than the one to establish the parol trust upon the land. The defendants, Gaskins and Anderson, were not parties to these proceedings until their color of title had ripened into a full title by the seven years adverse possession.

His Honor was right in his rulings upon the other exceptions filed by the parties to the report of the referee, and the judgment rendered by the Court was, in all things, correct, and the whole is affirmed.

Affirmed.