D. W. BRITTON, Administrator of Josiah Mizzell, v. MARY E. RUFFIN, Administrator of J. B. Ruffin.

(Decided February 22, 1898.)

*Action for Breach of Warranty—Covenant of Warranty—Possession Under Color of Title—Trial—Question for Jury.*

1. A deed purporting to convey title is color of title whether the grantor was the owner or not.

2. Where, in the trial of an action for breach of covenant of warranty in a deed for land, it appeared that the plaintiff took possession under the deed of 1874, and defendant testified that plaintiff took possession of the land in 1874 and kept it until 1890, when he surrendered it to a claimant, in the meanwhile working and selling timber from it to other parties, it was error to instruct the jury that upon the whole evidence they should find that the plaintiff had not been in possession for seven years, the question whether there had been such possession being for the jury and not for the Court.

3. If, in such case, the jury should have found that the plaintiff had been in adverse possession for seven years, his title had ripened when he surrendered the land and there has been no breach of warranty.

122—8

CIVIL ACTION for the breach of an alleged warranty contained in a deed from defendant's intestate to plaintiff's intestate, tried before *Bryan, J.*, and a jury at Fall Term, 1897, of BERTIE Superior Court. There was a verdict for the plaintiff, under the direction of his Honor, and from the judgment thereon defendant appealed.

*Messrs. Battle & Mordecai* for plaintiff.
*Mr. Francis D. Winston* for defendant (appellant).

FURCHES, J.: This is an action upon an alleged breach of warranty in a deed for real property. The plaintiff went into possession of the land under a deed from the defendant in 1874. This was color of title whether the defendant was the owner of the land or not, which would ripen into a perfect title by seven years adverse possession thereunder. There was evidence tending to prove that the plaintiff was in the adverse possession of this property from 1874 until 1890, when he surrendered it to a claimant by the name of Wynn.

Joseph W. Burden testified that Britton, the plaintiff, "took possession of the swamp in 1874 and kept it until 1890, when Wynn took it. Britton worked it and sold timber to other parties." This evidence raised the question of fact as to the length of time the plaintiff had the possession. This fact was one for the jury and not for the Court. If the plaintiff held possession under this deed for more than seven years, he was the legal owner in 1890, when he surrendered to Wynn. His cause of action (if he has one) did not accrue until the breach of the warranty, and this was in 1890 (if at all) when the plaintiff surrendered possession to Wynn. If he had been in possession seven years when he sur-

rendered the possession, he had the superior title and it was his folly to surrender to Wynn, who had no title; and there has been no breach of warranty. The Court charged the jury that, upon the whole evidence, they should find that the plaintiff had not been in possession for seven years. To this charge the defendant excepted. There is error, for which the defendant is entitled to a new trial. There were other exceptions as to evidence, etc., which may not arise again, and we have not considered them.

New trial.