J. T. BLAND et al. v. L. A. BEASLEY et al.

(Filed 10 October, 1907).

**1. Ejectment—Deeds and Conveyances—Title Passed.**

When, in an action of ejectment, it is shown that the plaintiff has acquired title by deed while defendants are in possession of the land in dispute, the plaintiff may maintain his action under The Code, sec. 177, now Revisal, sec. 400.

**2. Same—Adverse Possession—Legal Title—Seizin.**

While Revisal, sec. 384, debars plaintiffs from maintaining an action for recovery of realty, unless it appear that they, or those under whom they claim, were "seized or possessed of the premises" in question within twenty continuous years next before the commencement of the action, it does not apply when the plaintiffs have shown legal title and it appears that the defendants' possession has not been for twenty continuous years.

**3. Same—Adverse Possession—Legal Title—Color—Presumption.**

There is no presumption that the possession of one under and in subordination to the legal title is adverse, and when the title is thus claimed by adverse possession, or for seven years under color, the burden is upon him who relies thereon to show such possession to have been continuous, uninterrupted and manifested by distinct and unequivocal acts of ownership.

CIVIL ACTION, tried before *Long, J.,* and a jury, at January Term, 1907, of the Superior Court of PENDER County.

From a judgment for plaintiff defendant excepted and appealed. The facts sufficiently appear in the opinion of the Court.

*J. D. Kerr, James O. Carr, Simmons, Ward & Allen, E. K. Bryan* and *C. E. McCullen* for plaintiffs.

*L. A. Beasley, H. L. Stevens, C. D. Weeks* and *Shepherd & Shepherd* for defendants.

CLARK, C. J. Action to recover land. The defendants excepted because the Court refused to charge the jury, as prayed, that the plaintiffs having failed to show actual possession in themselves, or in those under whom they claim, within twenty years before this action was begun, they cannot recover. The plaintiffs acquired their title within said period,

the defendants being then in possession. An action of eject-
ment could not have been maintained under the Statute 32
Henry VIII., The Code, sec. 1333, which made a conveyance
under such circumstances void; but that rule was modified
by The Code, sec. 177, now Revisal, sec. 400, which provides
that "An action may be maintained by a grantee of real
estate in his own name, whenever he or any grantor, or other
person through whom he may derive title, might maintain
such action, notwithstanding the grant of such grantor, or
other conveyance be void by reason of the actual possession
of a person claiming under a title adverse to that of such
grantor or other person at the time of the delivery of such
grant or other conveyance." *Johnson v. Prairie,* 94 N. C.,
773; *Osborne v. Anderson,* 89 N. C., 261. Indeed, section
1333 of The Code has been later totally repealed by chapter
42, Laws of 1899, and hence does not appear in the Revisal
at all.

It will be noted that this defense is not under Revisal,
sec. 384, for the defendants did not prove "twenty years' ad-
verse possession." It is true that Revisal, section 383,
debars the plaintiffs from maintaining an action for recovery
of realty, unless it appear that they, or those under whom
they claim, were "seized or possessed of the premises" in
question within twenty years before beginning the action.
But the defendants have not shown twenty years' possession,
and, the plaintiffs having shown the legal title, the law carries
the seizin to the party having the legal title, when neither is
in possession.

His Honor was correct in charging the jury that "The pos-
session for seven years under color of title must be continu-
ous, uninterrupted and manifested by distinct and unequivo-
cal acts of ownership to bar the entry of one shown to be or
to have been the real owner; and when the title is claimed by
adverse possession the burden is on him who relies upon such
claim to show continuous possession. There is no presump-

tion that the possession of real estate is adverse." *Monk v. Wilmington,* 137 N. C., 322. Revisal, sec. 386, provides that possession by another shall be deemed "to have been under and in subordination to the legal title," unless such possession is shown to have been adverse. There was evidence sufficient to go to the jury to locate the grants and conveyances under which the plaintiffs claimed. The other exceptions need no discussion. The case was largely one for the jury on the evidence as to the location of the land in dispute, and, upon a thorough consideration of the exceptions, we find no error of which the defendants have cause to complain.

No Error.