MRS. E. C. THORNTON v. SOUTHERN RAILWAY.

(Filed 19 May, 1909.)

1. **Railroads—Negligence—Burning Lands—Damages—Ownership—Possession—Evidence—Paper Title.**

    To recover for the negligent burning of woods, timber, etc., in a suit against a railroad company, evidence of ownership is sufficient which shows actual and long-continued possession of plaintiff, for more than the statutory period, claiming the land as his own; and defective links in his paper title would not necessarily bar a recovery.

2. **Railroads—Negligence—Burning Lands—Ownership—Continued Possession.**

    Evidence of possession of lands, in a suit against a railroad company for their negligent burning, etc., is sufficient to sustain a recovery of damages, which tends to show that plaintiff's husband had been in possession for fifty years to the time of his death, and the plaintiff since then, through tenants, who cultivate all the lands that are fit for the purpose.

ACTION for damages for the negligent burning of plaintiff's timber land, tried before *Ferguson, J.,* and a jury, at December Term, 1908, of BURKE.

The following issues were submitted:

1. "Were the woods, lands, timbered trees of the plaintiff, E. C. Thornton, set on fire and burned over by the negligence and carelessness of the defendant, the Southern Railway Company, as alleged in the complaint?" Answer: "Yes."

2. "If so, what damage has the plaintiff sustained?" Answer: "Nine hundred dollars."

From the judgment rendered the defendant appealed.

*M. H. Yount* and *John T. Perkins* for plaintiff.
*S. J. Ervin* for defendant.

BROWN, J. There appears to be abundant evidence in the record to warrant the conclusion that the fire originated on the right of way of defendant and was caused by sparks from its engine. There is also evidence that the right of way where the fire started was in a foul condition.

The assignments of error all relate to the title to the land which had been burned, and more particularly to the ruling of the court admitting in evidence the will of John Rutherford and the McPheeters grant. In the view we take of the case it is unnecessary to discuss those assignments.

There is ample evidence in the record tending to prove that, at the time of the fire, the land burned over was not only claimed by the plaintiff, but that she and her representatives were in the actual possession thereof. As a sample of the evidence, one witness testifies:

"I have heard the description contained in the deeds and grants. I know the boundaries. I have known the land for fifty years; John Rutherford had been in possession until he died, then his widow, Mrs. Thornton, ever since." Grant for 100 acres read. "I know where that land lies. John in possession of it all the time, and his widow, Mrs. Thornton, since, for fifty years; the McPheeters grant covers the home place; the residence of John Rutherford located on this tract. John Rutherford had lived on the place fifty years in my recollection; since his death Mrs. Thornton has had tenants on it. Walker Lyerly occupies it as tenant of Mrs. Thornton and cultivates all that is fit for cultivation."

That such testimony is some evidence of possession, although subject to cross-examination as to what constitutes possession, is held in *Bryan v. Spivey,* 109 N. C., 68, where the use and meaning of the terms are learnedly discussed by *Mr. Justice Shepherd.*

There being abundant evidence to go to the jury that, at the time of the fire, plaintiff had actual possession of the land burned and claimed it as her own, the alleged defective links in her paper title would not necessarily bar a recovery.

As is said by *Chief Justice Smith,* in the oft-cited case of *Aycock v. Railroad,* 89 N. C., 324, "But no harm has come to the defendant by the reception of the copies of the grants, since, under the deed from Leak, the plaintiff was, in law, in possession, through his tenant, of all the land described therein up to the boundaries, and, in the absence of other evidence, *prima facie* the owner, and he may recover for all the damage done to his possessory and proprietary rights." See, also, *Jackson v.*

*Commissioners,* 18 N. C., 177; *Ruffin v. Overby,* 88 N. C., 369;
*Osborne v. Ballew,* 34 N. C., 373; *Lamb v. Swain,* 48 N. C., 370.
  Upon an examination of the record we find no reversible error.
  No Error.