R. W. PHEENY AND WIFE v. JOHNSON HUGHES.

(Filed 3 April, 1912.)

**Deeds and Conveyances — Boundaries — Constructive Possession— Limitation of Actions.**

When both parties claim lands from a common source of title, and one of them has shown actual possession on the west side of a certain creek under a deed which includes in its boundaries the *locus in quo* lying on the east side of the creek, also within the description of the deed of the adverse party, but of which neither party has had actual possession, the constructive possession of

the former will extend to the eastern boundaries of his deed, and will ripen title to the lands therein embraced after the lapse of the statutory period of time.

APPEAL by defendant from *Ferguson, J.,* at September Term, 1911, of MOORE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*H. F. Seawell for plaintiff.*
*R. L. Burns and C. M. Muse for defendant.*

CLARK, C. J. This is an action by plaintiffs to quiet their title to a 48-acre tract of land. They claim title under a deed by G. C. Graves, mortgagee, 14 December, 1898, which recites the execution of a mortgage to him by Richardson, sale thereunder and purchase by the plaintiffs. The loss of the mortgage was shown. Title out of the State was shown by possession under the Richardsons since 1857. The defendant claims under a deed from G. C. Graves, 9 June, 1908, and a conveyance of 93½ acres, 14 June, 1898. Both parties claim under G. C. Graves and within the Richardson boundaries of a 175-acre tract acquired by the Richardsons in 1857. Neither party showed actual possession of that part of the 48-acre tract which lies east of the creek and which is also within the bounds of the defendant's deed.

The judge properly refused the motion to nonsuit and charged that the plaintiffs having shown color of title and actual possession within the bounds thereof for seven years, were entitled to recover unless the defendant had shown possession by Graves or himself for seven years subsequent to the date of the deed from Graves to the plaintiffs.

This is not the case where there is a lappage under distinct lines of title and no one is in actual possession thereof. In such case, each party having constructive possession under his deed up to the boundaries thereof, the law carries the possession to the party having the oldest title. But here the plaintiffs' entire tract was within the limits of the Richardson boundary, and the plaintiffs having actual possession on said tract west of the creek, their constructive possession extended to the boundary of

said tract on the east side of the creek. Having been exposed for more than seven years to action, they have acquired title by possession under their color for the entire tract covered by their deed. *Currie v. Gilchrist*, 147 N. C., 649; *Simmons v. Box Co.*, 153 N. C., 261.

The motion for nonsuit was properly denied. It is unnecessary to consider the other exceptions.

No error.