J. F. P. STEWART AND WIFE v. JOHN B. McCORMICK ET AL.

(Filed 26 March, 1913.)

1. Deeds and Conveyances—Adverse Possession—Color—Evidence
—Nonsuit.

In an action to recover lands, where the plaintiff relies on deeds describing the lands by metes and bounds as color of title and there is evidence in his behalf tending to show that he and those under whom he claims have been in open, continuous, and uninterrupted adverse possession, manifested by distinct acts of ownership under the deeds, for more than thirty years, it is sufficient to establish plaintiff's title, if the jury so find the facts to be; and a motion to nonsuit should be denied.

2. Deeds and Conveyances—Adverse Possession—Title—Construct-
ive Possession—Interpretation of Statutes.

Where a party brings his action to recover lands, and shows that he acquired title by adverse possession for more than thirty years, it follows, nothing else appearing, that he has had at least constructive seizin or possession of the lands within thirty years before he brought his suit, as required by Revisal, sec. 383.

3. Deeds and Conveyances—Color of Title—Adverse Possession—
Constructive Possession—Outer Boundaries of Deed.

Where there is no question of lappage on the lands by conflicting calls in the deeds of contesting parties and claimed by one of the parties by adverse possession under color of title, who shows possession in a part of the lands as described in his deeds, the law constructively extends his possession to the external or outer boundaries of his deed.

4. Deeds and Conveyances—Color—Adverse Possession—Location
of Boundaries—Nonsuit—Evidence, How Considered—Scintilla
of Evidence.

Where the plaintiff claims the land in suit by adverse possession under color of title, by deeds with definite description of boundaries, upon a motion to nonsuit the evidence is viewed in the light most favorable to the plaintiff, and the motion should be denied if there is more than a scintilla of evidence as to the location of the boundaries to the land described.

5. Pleadings—Admissions—Possession at Commencement of Action
—Evidence.

Where the defendant, in an action to recover lands, admits in his answer that he was in possession of the *locus in quo* at the

time of the commencement of the action, it is not necessary for
plaintiff to prove it by his evidence. As to, whether this is neces-
sary when the title in controversy is independent of the posses-
sión, *Quære.*

APPEAL by plaintiff from *Bragaw, J.,* at October Term, 1912,
of CUMBERLAND.

*Rose & Rose for plaintiffs.*
*Sinclair & Dye, Robinson & Lyon, and Shaw & McLean for
defendants.*

WALKER, J. This action was brought to recover a tract of
land containing 250 acres. Plaintiffs were nonsuited at the
close of their testimony. The first ground of the nonsuit was,
as agreed here, that they had not identified the land, of which
they had the adverse possession, as that described in the com-
plaint and deeds, the description in the complaint and deeds
being the same. Plaintiff relied upon the deeds as color of
title, and they described the land by metes and bounds. There
was evidence, as we think, that plaintiffs and those under whom
they claimed had been in adverse possession, under the deeds,
for more than thirty years, one witness, Nick Bell, testifying
that "old man John Wood, under whom plaintiffs claimed, had
been in possession for fifty or fifty-five years," and there was
other testimony tending to show a possession of from forty to
fifty years by him. In this connection, defendant's counsel con-
tended that it was incumbent on plaintiffs to show a seizin or
possession of the premises in question for twenty years before
the commencement of the action, in order to maintain this
action to recover the land under Revisal, sec. 383. But if
plaintiffs had acquired the title by adverse possession of the
land under color for more than thirty years, which was the
evidence, then it follows, nothing else appearing, that they had
at least constructive seizin or possession within twenty years
before this suit was brought, which would satisfy the require-
ment of that section of the Revisal, as seizin follows the title,
if there is no actual possession. *Bland v. Beasley,* 145 N. C.,
168. The adverse possession for seven years under color, which

bars the entry of the true owner, must be open, continuous, un-interrupted, and manifested by distinct and unequivocal acts of ownership, the burden being upon him who asserts that he has thus acquired the title, to show such actual adverse posses-sion. *Monk v. Wilmington,* 137 N. C., 322; *Bland v. Beasley, supra.* Sole adverse possession of a part of the land covered by the deeds under which plaintiffs claimed as color of title is extended by the law constructively to the outer or external boundaries of the land, or, as it is sometimes expressed, pos-session of a part is deemed to be of the whole. *Currie v. Gil-christ,* 147 N. C., 649; *Simmons v. Box Co.,* 153 N. C., 261; *Pheeny v. Hughes,* 158 N. C., 463. There is no conflict of titles here and no question of lappage. Where there is no actual occupation of the land, the law adjudges the possession to be in him who has the title (*Drake v. Howell,* 133 N. C., 163); but where, as here, there is a possession of a part of the land under color, and the party claiming thereunder has been exposed to an action for the trespass on or invasion of the premises, his possession must be taken as extending to the en-tire tract. *Pheeny v. Hughes, supra; McLean v. Smith,* 106 N. C., 172; *Berryman v. Kelly,* 35 N. C., 269. There certainly was some evidence that the possession of plaintiffs or of those under whom they claimed was adverse for a sufficient time to ripen the title, and this evidence should have been submitted to the jury (*Britton v. Ruffin,* 122 N. C., 113; *Cowles v. Mc-Neill,* 125 N. C., 385), and the court erred in deciding the ques-tion as matter of law. As this is an appeal from a nonsuit, we need only say, as we did in *Currie v. Gilchrist, supra,* that there was more than a mere *scintilla* of evidence as to the loca-tion of the boundaries of the land described in the complaint and the deeds upon which plaintiffs relied as color (*McNeely v. Laxton,* 149 N. C., 327), and also as to adverse possession. The evidence may not have been very satisfactory, as argued by defendant's counsel, nor yet very convincing, but that was a matter for the consideration of the jury, and not for the judge below or this Court to pass upon. The evidence, also, must be considered most favorably to the plaintiffs, and all reasonable inferences made therefrom in their favor. All things

considered, we must say that there, was some evidence that the State had parted with its title and that plaintiffs had become the owners of the land.

It was contended that plaintiffs had not shown that defendants were in possession of the land at the commencement of the action. Assuming that it is necessary to show this when the title itself is in controversy independently of the possession, it appears that one of the defendants, in his answer, admits he was in possession at that time, and the other defendants, in their answers, virtually admit their possession.

New trial.