H. G. BERRY v. MRS. ATTIE COPPERSMITH AND M. H. JONES, TRADING AS COPPERSMITH & COMPANY, AND M. S. HAWKINS, TRUSTEE (ORIGINAL PARTIES DEFENDANT), AND FANNIE G. JONES AND HUSBAND, J. G. JONES (ADDITIONAL PARTIES DEFENDANT).

(Filed 22 September, 1937.)

1. **Adverse Possession § 18—Witnesses may testify that certain persons were in possession as matter of fact.**

Where plaintiff claims by adverse possession under color of title, it is competent for his witnesses to testify that predecessors in plaintiff's chain of title were respectively in possession, "possession" being used in the layman's sense of actual possession as a matter of fact, and the witnesses testifying on direct and cross-examination of the acts of possession tending to substantiate the fact of possession.

---

---

**2. Adverse Possession § 2—**

Where the State is not a party, title is conclusively presumed to be out of the State, C. S., 426.

**3. Adverse Possession § 8—**

Where the descriptions in plaintiff's and defendants' respective chains of title embrace in part the same land, and the defendants, claiming under the elder title, have no actual possession of the lappage, title to the entire lappage is perfected in plaintiff if he establishes adverse possession of a part of the lappage for seven years under color.

**4. Adverse Possession § 5—**

Adverse possession must be under known and visible lines and boundaries.

**5. Adverse Possession § 3—**

Possession, to be adverse, must be evidenced by acts of dominion in making the ordinary use and taking the ordinary profits of which the land is susceptible in its present state, and so repeated as to show they are done in the character of owner and not merely of an occasional trespasser.

**6. Adverse Possession § 6—**

Adverse possession need not be unceasing, but claimant must show that he has, from time to time, continuously subjected the land for the required period to the use of which it is naturally susceptible.

**7. Adverse Possession § 19—**

Where it is established that the land in controversy is swamp land, valuable only for timber, evidence that plaintiff, claiming under known and visible lines and boundaries under color, from time to time cut and sold timber from the tract for over seven years, is sufficient to take the case to the jury.

**8. Adverse Possession § 17—**

The burden is on the party claiming by adverse possession to show the required possession for the statutory period by the preponderance of the evidence.

**9. Adverse Possession § 13f—**

Where a person claiming under color establishes adverse possession for seven years by himself or by those under whom he claims, seizin follows the title, and nothing else appearing, he thereafter has constructive possession sufficient to satisfy the statute, and is not required to show actual possession within twenty years before the institution of the action. C. S., 429.

APPEAL by defendants from *Williams, J.,* at January Term, 1937, of PASQUOTANK.

Action on alleged trespass and to recover damages instituted in Camden and removed to Pasquotank.

Plaintiff claims title by adverse possession under color of title to 206 acres of land under the following deeds, all of which were introduced in evidence: (1) From William C. Mercer and wife, Lou Mercer, to B. F.

Mercer, dated 29 June, 1891, registered 13 February, 1894. (2) From B. F. Mercer to Peter H. Williams and C. C. Needham, dated 5 September, 1906, registered 10 September, 1906. (3) From Peter H. Williams and wife and C. C. Needham and wife to C. J. Duke, dated 26 June, 1917, registered 7 July, 1917. (4) From C. J. Duke to H. G. Berry, dated 5 December, 1935, registered 28 December, 1935.

The defendants claim under and introduced as evidence Grant No. 31 from State of North Carolina to Amos Weeks and Jacob Valentine, 23 September, 1785, registered 24 February, 1786, and *mesne* conveyances by connected chain of title down to the defendants, and disclaim title to all the land so claimed by the plaintiff outside the boundaries of said grant.

It appears of record that the deeds under which plaintiff claims and the grant under which defendants claim cover the same land, except about 14 acres, leaving a lappage of 192 acres.

Plaintiff introduced testimony tending to support his claim of adverse possession, which sufficiently appears in the opinion. Defendants offered testimony tending to controvert the evidence offered by the plaintiff as to acts of possession.

Three issues were submitted to the jury:

"1. Is the plaintiff the owner of the tract of land described in the complaint, or any part thereof?

"2. If so, did the defendant Coppersmith & Company wrongfully trespass thereon?

"3. What damages, if any, is the plaintiff entitled to recover of the defendants?"

The jury answered the first and second issues in the affirmative, and assessed damages in answer to the third.

At the close of plaintiff's evidence defendants moved for judgment as of nonsuit, and renewed the motion at the close of all the evidence. To the denial of each, the defendants excepted. From judgment on the verdict, the defendants appealed to the Supreme Court and assigned error.

*R. Clarence Dozier, M. B. Simpson, W. I. Halstead, and J. H. LeRoy, Jr., for plaintiff, appellee.*

*W. B. Rodman, Whedbee & Whedbee, and Thompson & Wilson for defendants, appellants.*

WINBORNE, J. This appeal challenges the judgment below mainly with respect to: (1) The competency of certain testimony admitted as evidence relating to possession. (2) The sufficiency of all the evidence to constitute adverse possession. (3) The absence of seizin or possession

within twenty years next before the institution of the action.    The challenge is not sustained.

1. Witnesses were permitted to testify, over defendants' objection, that Mercer was in possession of the land in question fifty years ago, and stayed in possession until Williams and Needham bought it, that they stayed in possession ten or eleven years, and that when they sold to C. J. Duke, he went into possession.    This testimony was competent. *Bryan v. Spivey,* 109 N. C., 57, 13 S. E., 766; *Thornton v. R. R.,* 150 .N. C., 691, 64 S. E., 776; *Berry v. McPherson,* 153 N. C., 4, 68 S. E., 892.

In *Bryan v. Spivey, supra,* speaking to the competency of like testimony, the Court said: "Where, however, a witness testifies that a certain person is in possession of land, and where, as in the present case, there is nothing in his or any other testimony to indicate that the possession was a conflicting one, or that the witness .intended that his language should be understood in any other than its ordinary sense among laymen, to wit, actual possession or occupation, we cannot but treat it as the statement of a simple fact, and as such a proper subject for the consideration of a jury, or the court when a jury trial has been waived." And, again, p. 69: "Our conclusion, therefore, is that the testimony of the witness Marshall was evidence of actual possession and occupation, and, as such, was proper to be considered by the court."    Jury was there waived.

In *Thornton v. R. R., supra,* the Court said: "That such testimony is some evidence of possession, although subject to cross-examination as to what constitutes possession, is held in *Bryan v. Spivey,* 109 N. C., 68."

In *Berry v. McPherson, supra,* it is said: "This language of the witness, unexplained and uncontradicted by cross-examination, must be taken in the ordinary sense, as understood by laymen, to mean an actual and not a mere constructive possession.    It is to be treated as the statement of a fact, which, however, upon cross-examination, may be shown to be without substantial basis, in which event it will be disregarded. 'A witness may testify directly in the first instance to the fact of possession, if he can do so positively, subject, of course, to cross-examination.' Abbott Trial Ev., 622; 590; *Rand v. Freeman,* 1 Allen, 517; *Bryan v. Spivey,* 109 N. C., 68, where this question is learnedly discussed by *Mr. Justice Shepherd."*

Each witness in the case at bar, on direct and cross-examination, testified to acts of possession tending to substantiate the fact of possession. The further testimony elicited from these witnesses tended to show that B. F. Mercer cut some timber on the land for shingles, for fences, and to take to the mill; that he sold some cypress; that he sold the pine to his son, who sold it to the Roanoke Railroad & Lumber Company, and

that the company built a road on and over the land and maintained it about five years while operating in the immediate section.    One witness testified that he lived with Mercer nine years in the ten years next after 1894, and that Mercer had logs, sills, and shingles cut, and that "he worked on the land off and on the whole time I stayed with him."    The testimony tended further to show that after Williams and Needham bought from Mercer they cut shingles as they wished, cut firewood every fall and spring, sold some piling, few shingles, logs for sills and building material, built bridged walkways to get shingles, and cut sills from time. to time as long as they owned it.

2. In determining the question as to the sufficiency of the testimony to establish adverse possession it is well to note settled principles for guidance.

Title is conclusively presumed to be out of the State, it not being a party to the action.    C. S., 426.    In setting up claim under a grant from the State the defendants admitted the title to be out of the State.

The deed under which plaintiff claims and the grant under which the defendants claim cover in large part the same land, thereby presenting what is commonly termed a lappage.    The relative rights of the parties are clearly settled. In the case of *Currie v. Gilchrist*, 147 N. C., 648, the subject is fully discussed and summed up in part as follows: "We may therefore take it to be settled by this Court by a long and unvarying line of decisions that if the person who claims under the elder title have no actual possession on the lappage, such possession, although of a part only, by him who has the junior title, if adverse and continued for seven years, will confer a valid title for the whole of the interference, the title being out of the State.    *Kerr v. Elliott,* 61 N. C., 601; *Howell v. Mc-Cracken,* 87 N. C., 399; *Asbury v. Fair,* 111 N. C., 251; *Boomer v.* Gibbs, 114 N. C., 76." *Simmons v. Box Co.,* 153 N. C., 258; *Pheeny v. Hughes,* 158 N. C., 463, 74 S. E., 321; *Ray v. Anders,* 164 N. C., 311, 80 S. E., 403; *Hayes v. Lumber Co.,* 180 N. C., 252, 104 S. E., 527.

Adverse possession must be possession under known and visible lines and boundaries, and under colorable title.    C. S., 428.    In the instant case the lands claimed by the plaintiff are well known as the "Mercer Tract" or the "Frank's Point Tract."    The lines and boundaries are well defined, visible, and known.    It is not denied that the deeds under which plaintiff claims are sufficient to constitute color of title.

What is adverse possession within the meaning of the law has been settled by our decisions.    In *Currie v. Gilchrist,* 147 N. C., 648, at p. 655, it is said: "The possession, to be adverse, should, of course, be denoted by the exercise of acts of dominion over it in making the ordinary use and taking the ordinary profits of which it is susceptible in its

present state, such acts to be so repeated as to show that they are done in the character of owner and not merely of an occasional trespasser."

In *Locklear v. Savage,* 159 N. C., 237, it is stated: "It (possession) must be decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner." *Shelly v. Grainger,* 204 N. C., 488, 168 S. E., 736; *Owens v. Lumber Co.,* 210 N. C., 504, 187 S. E., 504.

Again, in *Locklear v. Savage, supra,* at p. 239, it is stated: "In proving continuous possession under color of title nothing must be left to mere conjecture. The testimony must tend to prove the continuity of possession for the statutory period, either in plain terms or by 'necessary implication.' *Ruffin v. Overby,* 105 N. C., 83. Possession need not be unceasing, but the evidence should be such as to warrant the inference that the actual use and occupation have extended over the required period, and that during it the claimant has, from time to time, continuously subjected the disputed land to the only use of which it was susceptible." *Coxe v. Carpenter,* 157 N. C., 557, 73 S. E., 113; *Alexander v. Cedar Works,* 177 N. C., 137, 98 S. E., 312.

In *Alexander v. Cedar Works, supra,* we find this statement: "Cutting timber from land kept up with such frequency and regularity as to give notice to the public that the party cutting or having it cut is claiming the land as his own, and that it is done in such a way as to constantly expose the party to a suit by the true owner is sufficient if done for the time required by law to ripen the color into a good title." Again: "Entering upon, ditching, and making roads in a cypress swamp, and working timber into shingles, was sufficient possession, if continued for the requisite time, to ripen a defective title into a perfect one." *Tredwell v. Reddick,* 23 N. C., 56.

The land in controversy appears to be deep swamp land, unenclosed, wet, miry, and unsuitable for cultivation, and valuable only for the timber and trees growing thereon. The evidence offered, we think, is sufficient to take the case to the jury under appropriate instructions. The burden was upon the plaintiff to establish the fact of possession for the statutory period by a preponderance of the evidence. In the charge the court correctly and clearly explained the established principles of law bearing upon the issue. The case has been fairly submitted to the jury.

3. Defendants contend that plaintiff cannot maintain this action in the absence of showing that he and his predecessors were seized or possessed of the premises in question within twenty years before the institution of the action. They rely upon C. S., 429 (Rev., 383).

The plaintiff had acquired title by adverse possession for seven years under color of title, as the jury has found. Seizin follows the title.

Plaintiff, therefore, had at least constructive seizin or possession, nothing else appearing. This satisfies the requirement of the statute. *Bland v. Beasley,* 145 N. C., 168, 58 S. E., 993; *Stewart v. McCormick,* 161 N. C., 625, 77 S. E., 761; *Alexander v. Cedar Works, supra.*

Full consideration has been given to all the exceptions presented. We are of opinion that the trial was free from error.

No error.