GLENN PURCELL v. KINNIE WILLIAMS, CARRIE R. CURRIE, Widow of the Late TUCKER C. CURRIE, and TUCKER ROTHROCK CURRIE, Minor, and CARRIE R. CURRIE, His Guardian.

(Filed 10 December, 1941.)

**1. Adverse Possession § 19—**

Evidence that the person under whom plaintiff claims held hostile and exclusive possession of the *locus in quo* under known and visible lines and boundaries over a period of 50 years prior to his death *held* sufficient to be submitted to the jury, and the granting of defendants' motion for nonsuit was error.

**2. Adverse Possession § 14—**

> Where a person acquires title to a parcel of land by adverse possession, such title is the legal title, and occupancy of the land thereafter will be presumed to be in subordination to such title, unless held adversely to such title for the statutory period.  C. S., 432.

APPEAL by plaintiff from *Olive, Special Judge,* at March Term, 1941, of MOORE.  Reversed.

This was an action to recover possession of fifty acres of land alleged to be wrongfully withheld by the defendants.  Plaintiff claimed as heir of one Jim McNeill, who, it was contended, had acquired title to the land by adverse possession extending over a period of fifty years prior to his death in 1918.  Defendants denied plaintiff's title, and alleged title in themselves.  It was not denied that plaintiff is heir of Jim McNeill. At the close of plaintiff's evidence motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*Seawell & Seawell for plaintiff, appellant.*
*Moseley G. Boyette for defendants, appellees.*

DEVIN, J.  Considering the evidence in the light most favorable to the plaintiff, as we are required to do on a motion for nonsuit, we are constrained to hold that the judgment of nonsuit was improvidently entered, and that the case should have been submitted to the jury.

As the case must go back for further proceedings, we refrain from discussing the evidence other than to say that there was evidence on the part of the plaintiff tending to show that about 1873 Jim McNeill built on the land the home in which he lived continuously thereafter for more than forty-five years; that he had exclusive possession of the land, listed it for taxation, built out-houses, barns and stables, and farmed the land in the usual way until his death in 1918; that there were ten to fifteen acres of open land which he cultivated, and some use was made of the wooded land also; that the house and a portion of the land were enclosed by fence; that the land was known as the Jim McNeill land, and testimony was offered that his possession of the land was under known and visible lines and boundaries.  This would seem to afford evidence of adverse possession for the statutory period, under the rule laid down in *Locklear v. Savage,* 159 N. C., 236, 74 S. E., 347, and *Owens v. Lumber Co.,* 210 N. C., 504, 187 S. E., 804; C. S., 430.

There was also evidence tending to show that Jim McNeill died in 1918, and that thereafter the land was occupied by tenants not adverse to plaintiff's title, until 1935, when the defendants entered.  Suit was instituted in 1939.  If it be established that the title of Jim McNeill at the time of his death had ripened by adverse possession for more than

twenty years, it follows that occupancy of the land thereafter would be presumed to have been in subordination to the legal title, unless held adversely to such title for the statutory period. C. S., 432; *Johnston v. Pate*, 83 N. C., 110; *Bland v. Beasley*, 145 N. C., 168, 58 S. E., 993; *Stewart v. McCormick*, 161 N. C., 625, 77 S. E., 761; *Berry v. Coppersmith*, 212 N. C., 50, 193 S. E., 3.

While we do not deem it necessary to consider *seratim* the exceptions noted by plaintiff to the court's rulings on the admission of testimony, it may be well to observe that evidence properly adduced as to the character and extent of the possession of Jim McNeill and of those who occupied the land after his death would seem to be unobjectionable. Upon this appeal only the plaintiff's evidence is before us for consideration. Upon another trial defendants' evidence may show the facts to be different. That will be a matter to be determined by the jury.

Upon the record before us we conclude that the judgment of nonsuit must be

Reversed.