JOHN McNEELY et al. v. CHARLES LAXTON.

(Filed 16 December, 1908).

1. **Deeds and Conveyances—Calls—Boundaries—Parol Evidence.**
    When it is pertinent to the inquiry, in an action for the possession of lands, as tending to establish a call in a deed under which one of the parties to the action claims, it is competent for a witness to testify that he had heard one of the natural boundaries called by the name mentioned in the deed.

2. **Deeds and Conveyances—Burnt and Lost Records—Proceedings —Copies of Deeds—Estoppel.**
    Plaintiff claimed title to the land in controversy by virtue of a deed to his ancestor T. and seven years' adverse possession. Defendant put in evidence the record of proceedings to restore a burnt or lost record, under Code, sec. 56 (Revisal, 328), brought by M., under whom he claimed, against T., to estop plaintiff from denying the location of the boundaries ascertained and declared by the Court therein. *Held*, (1) Plaintiff is not estopped by that record from proving title to the land, or from showing its true boundaries, the copies having only the same force and effect as the lost or destroyed deeds and records would have had, if produced.

3. **Parol Evidence—Record—Harmless Error.**
    Parol evidence of matters contained in a court record, when erroneously excluded, is cured by the subsequent introduction of the record itself.

4. **Deeds and Conveyances—Boundaries—Annexed Plat—Evidence.**
    When the length of a boundary line of land is not given in the conveyance, but is given in an annexed plat, the jury may consider the distance as specified in the plat in locating that line.

5. Deeds and Conveyances—Boundaries—Evidence—Questions for Jury.

In an action involving the title to lands, when the controversy is dependent upon the true location of lands described in a certain grant, the jury are not confined, necessarily, in their inquiry, to the location of the lines of other tracts called for in the grant, which are not themselves located. (*Moore v. McClain,* 141 N. C., 479, cited and approved).

6. Pleadings—Conveyances—Description—Identity.

When the description of the boundaries of the land in controversy, as set out in the complaint, corresponds with that given in a certain conveyance or grant upon which the plaintiff's right of recovery is made to depend, and a witness has testified as to the identity of a part of the lands, there is some evidence to sustain the plaintiff's right to recover at least a part of the lands described in the complaint.

ACTION tried before *Peebles, J.,* and a jury, August Term, 1907, of BURKE.

This action was brought to recover the possession of one thousand acres of land, and damages for the detention. The real controversy is as to the true location of the land described in a grant to Jacob Anthony. This grant was introduced by the plaintiffs to show title out of the State, and they claimed that by virtue of a deed of Margaret Erwin to their ancestor, H. C. Tate, and seven years' adverse possession, they had acquired title to the land covered by the Anthony grant and the said deed. It is sufficient to set out only the issues and charge of the Court, as the material facts not mentioned in the charge are stated in the opinion of the Court.

"1. Are the plaintiffs the owners of the land described in the complaint, or any part thereof? If so, what part?

Answer: 'Yes,' the land covered by Anthony grant, beginning at W. O. marked T and P running west to black 'Q', thence south to 10 and back to the beginning.

"2. Did the defendant Chas. Laxton wrongfully and unlawfully enter upon said land and commit a trespass thereon?

Answer: 'Yes.'

"3. Did Richard Michaux wrongfully and unlawfully enter upon said land and commit a trespass thereon?

Answer: 'Yes.'

"4. What damages, if any, are plaintiffs entitled to recover of said Laxton?

Answer: 'Five cents'.

"5. What damages, if any, are plaintiffs entitled to recover of said Michaux?

Answer: 'Nothing.' "

The Court charged the jury as follows, to-wit: The plain-. tiffs in their complaint claim title to a large tract of land, about 1,000 acres, but they have not introduced any testimony tending to show title to any land except that embraced in the calls of the Jacob Anthony grant of 6 December, 1799.

The plaintiffs must recover, if at all, upon the strength of their own title. For the purpose of showing title out of the State they introduced a grant dated 6 December, 1799, to Jacob Anthony, and then a deed from Margaret Erwin to H. C. Tate, father of plaintiff, dated 1 January, 1853; containing the same metes and bounds as those of the Jacob Anthony grant, and they claim that under said deed they or their ancestor entered into possession of said land and since then (he and they) have been in the open and notorious possession of said land by known and visible metes and bounds, adversely to all the world. Before plaintiff can recover, they must satisfy you by the greater weight of the evidence. of the following facts:

1. That they have located the Jacob Anthony grant, and that it is included in the lands described in the complaint.

2. That they and those under whom they claim have been in the open, notorious adverse possession of the land embraced in the Jacob Anthony grant for more than seven years next preceding the commencement of this action, under the deed from Margaret Erwin to H. C. Tate. The possession of a part of the land embraced in the Margaret Erwin deed would

MCNEELY *v.* LAXTON.

extend to the whole, in the absence of evidence tending to show that someone else possesses any part of said land adversely to the plaintiffs, or their ancestor H. C. Tate.

It is admitted that the Anthony grant and the Margaret Erwin deed cover the same land. In locating the land described in said grant and deed, the natural boundaries

called for must, when they can be ascertained and located to your satisfaction, control course and distance. If plaintiffs have failed to satisfy you of the location of any of the natural boundaries called for in said grant or deed, then you should answer the first issue "No." If you are satisfied by the greater weight of the evidence that at figure 15 on the map, a whiteoak, was marked·for a corner and, further, that said white oak is the white oak in the Perkins line called for in the grant and Margaret Erwin deed, said grant and said deed being silent as to the distance between the white oak called for and the beginning point, you can consider the distance between these two points as shown by the plat made at the time of the grant. If you find by the greater weight of the evidence that the beginning corner of the Jacob Anthony grant is at "O W O", on the map, and that the calls of the grant go from there west to black 2; thence S. to black 3 and to 10; thence west to 11; thence south to 12; thence east to 13; thence north to 14; thence west to 15; thence north to O. W. O., you will answer the first issue "Yes", the lands covered by the Anthony grant beginning at O. W. O., provided you further find that the plaintiffs were, or their ancestor H. C. Tate was, in the actual, open and notorious possession, for more than seven years next before this action was commenced, of any part of said land. It is true, as claimed by defendants, that the calls, courses and distances laid down on a plat at the same time a grant is made cannot control or vary the calls, courses and distances given in the grant, but where the grant is silent as to the distance between any two natural boundaries called for in the grant, and the distance is laid down on the plat, and you have located one of said natural boundaries, you can consider the distance given on the plat in locating the other natural boundary called for, if it aids you in locating the other natural boundary.

The effect of the burnt or lost record proceeding is to estop plaintiffs from saying that the deeds or records established

in the proceeding are not true copies of the lost or burnt deeds and records mentioned therein. These copies have the same force and effect as the lost or destroyed deeds and records would have, were they not lost or destroyed. They do not estop or prevent the plaintiffs from showing, if they can, that they have a better title to any of the lands embraced in said lost deeds than Mrs. Michaux, and those claiming under her.

If you locate the beginning of the Anthony grant at 18, you will answer the first issue "Yes", the lands embraced in the Jacob Anthony grant beginning at 18 on the map. If you locate the beginning corner of the Jacob Anthony grant at "O. W. O.," and you further find that plaintiffs are the owners of the lands covered by the Jacob Anthony grant, then you should answer "Yes" to the issue, "Did Chas. Laxton enter upon said land and commit a trespass thereon." Said Laxton on cross examination said that he had cut and carried away timber trees from said land. If you locate the beginning point of the Jacob Anthony grant at 18, then you should answer this issue "No," because the land Laxton said he cut timber trees on is not included in the Jacob Anthony grant, if its beginning corner is at 18.

The Court recapitulated the contentions of both sides, and at the conclusion of the charge asked if there was anything else either side desired called to the attention of the jury, and both sides were silent. No exception was made on the trial to the contentions of either side as given by the Court, or to the failure of the Court to give other contentions.

The defendants' motion for a new trial was overruled, and judgment entered upon the verdict. Defendants appealed.

*S. J. Erwin* for plaintiff.
*Avery & Erwin* and *J. Frank Wooten* for defendant.

WALKER, J., after stating the case: The plaintiffs, for the purpose of establishing the boundaries of the land claimed by them, introduced as a witness J. T. Perkins, who testified

that there is a forked branch on the land of H. C. Tate (under whom plaintiffs claim), and that he had heard the upper prong called "Shingle Branch." The defendants objected to this testimony but it was admitted. One of the calls in the grant to Anthony and in the deed of Margaret Erwin to H. C. Tate was for Shingle Branch. What the witness said was some evidence of the true name of the branch. In *Willis v. Quinby,* 31 N. H., 485, similar testimony was held to be admissible, the Court saying: "The only knowledge men generally have of the names of others, is derived from the fact that they hear them so-called. To have heard a man so-called on one occasion, may not be strong evidence, but it seems to us competent." The Court, in *U. S. v. Dodge,* 1 Deady, 186 (25 Fed. Cases, p. 879), held evidence that a house had been called by a certain name to be competent. So in *State v. McAndrews,* 15 R. I., 30, it was said, that "witnesses to prove a name seldom know more than that the person, whose name is in question, answers to the name, or that others call him by it or speak of him as having it." To the same effect is *Horry v. Glover,* 10 S. C., Eq. (2 Hill), 393. The Court in that case says the effect of the testimony does not depend on the credit of the person who made the statement as to the name, but upon the credit of the witness who was examined; then the inference is drawn from that fact, that it cannot be conceived why the (slave) should have been called by the name, if it was not in fact his true name. It cannot be considered, says the Court, as hearsay. The other objections to the oral evidence were not well taken, and they require no special discussion.

The defendants introduced the record of a proceeding brought by Mrs. Susan F. Michaux against H. C. Tate and others under sec. 56 of the Code (Revisal, sec. 328), to set up and establish certain deeds and conveyances to her father John Jerkins, which had been destroyed by fire, the registry thereof having also been destroyed by fire when the court

house was burned.. The defendants insisted that the effect
of this proceeding, in which a judgment in her favor was
entered, was to estop the plaintiffs from denying the location
of the boundaries as ascertained and declared by the Court
therein. It appears from the record of the proceeding that
it was brought by Mrs. Michaux under ch. 8 of the Code
concerning "Burnt and Lost Records." We are unable to
concur in that view. The statute expressly declares (sec.
56) that the proceeding shall have, "as to the persons notified,
the effect of a deed for the (land) executed by the person
possessed of the same, next before the petitioner." It was
necessary to have the land surveyed to ascertain the bound-
aries as described in the lost instrument, and the judgment
in the proceeding can have only the force and effect of the
original conveyance if the latter had not been destroyed, but
had itself been in evidence. *Walers v. Crabtree,* 105 N. C.,
402. This is the legal effect of the proceeding by the very
terms of the statute. The boundaries were not established
under the Processioning Act. *Parker v. Taylor,* 133 N. C.,
103, cited by the defendants' counsel has, therefore, no appli-
cation to this case.

The exclusion of the evidence of Charles Laxton as to the
burning of Mrs. Michaux's papers, if erroneous, was harm-
less, as the defendants established the fact afterwards by
introducing the record of the proceedings between Mrs.
Michaux, as plaintiff, and H. C. Tate and others, as defend-
ants.

The Court properly instructed the jury that in determining
the length of the line in the calls of the grant, as the length
was not stated in the grant but was given in the annexed plat,
they might consider the distance as specified in the plat in
locating that line. *Cooper v. White,* 46 N. C., 389; *Red-
mond v. Mullenax,* 113 N. C., 505; *Higdon v. Rice,* 119 N.
C., 623.

The defendants' third prayer for instructions, that if the

plaintiffs had failed to satisfy the jury as to the location of the lines of other tracts called for in the Anthony grant, they should answer the first issue, "No," was properly refused. The true rule is stated in *Moore v. McClain*, 141 N. C., 479, citing *Redmond v. Stepp*, 100 N. C., 212, as follows: "If only course and distance are given and the beginning is found, the land will be run by course and distance. But when in addition to course and distance, natural objects, marked trees or lines of other tracts are called for, these when shown, will control course and distance and must be reached by a further extension or shortening of the line so as to reach such objects, trees or adjoining tracts. If none such can be found, then the course and distance must be the guide in fixing the boundary. This is the correct view and has, in actions of ejectment and trespass, been so recognized. It would impose upon those claiming, as in this case, under old grants, a heavy burden to require them to find or make search for natural objects or very old lines, before they could make at least a *prima facie* location of such grants." See also *Harry v. Graham*, 18 N. C., 76, where the rule is also clearly stated by *Chief Justice Ruffin*.

The defendant contended that there was no evidence to show that the land granted to Anthony was any part of that described in the complaint. But we think there was some evidence of that fact. The correspondence between the boundaries as set forth in the compaint and those of the Anthony grant, and the testimony of R. J. Hallyburton, was some evidence that at least a part of the land described in the Anthony grant was included within the boundaries stated in the complaint. The witness Hallyburton testified: "If the jury find 3 to be the N. W. corner of the Anthony grant, and run thence to 18, the Anthony grant would not cover any of the land in dispute, but if it is located, as claimed by the plaintiff, it would include fifty-six acres in dispute."

The contentions of the parties as to the true location of the

Anthony grant were clearly stated in the charge to the jury, and the law arising upon the evidence was correctly applied.

The instructions, to which the defendants were entitled, were substantially given by the Court. After a careful consideration of the defendants' exceptions and of the numerous questions presented by them, we have been unable to discover any error in the rulings and charge of the Court.

No error.