### F. P. MOORE v. F. P. CURTIS.

(Filed 5 May, 1915.)

**Judgments—Estoppel—Disseizin—Acquiescence—Limitation of Actions.**

Where a judgment is rendered in favor of a party to an action to recover lands it will operate as an estoppel against all claiming under him from the same source; but where such claimant has thereafter entered upon, inclosed, and used the land for the best or only purpose for which it was capable, for the statutory period of twenty years, he will acquire a new estate therein by disseizin and acquiescence. Revisal, sec. 383.

APPEAL by defendant from *Harding, J.,* at November Term, 1914, of CALDWELL.

*Squires & Whisnant and M. N. Harshaw for plaintiff.*
*W. C. Newland and Edmund Jones for defendant.*

CLARK, C. J. The land in controversy contains about an acre and it seems is broken and too rough for cultivation, and valuable only for what timber grows upon it and as a woods pasture for stock on adjoining land. Both the plaintiff and defendant claim under grants from the State and mesne conveyances. The plaintiff claims under a grant to his father, Richmond Moore, issued 16 April, 1873, and conveyance to plaintiff by deed 24 April, 1912. The defendant claims under a grant to Thomas Henderson issued 11 October, 1783, upon an entry taken out by Governor Alexander Martin, and mesne conveyances down to defendant. The question at issue in this action is, Which has the better title?

There is testimony that the defendant and those under whom he claims have been in possession of the small tract in dispute for more than twenty years before the beginning of this action, and the plaintiff has not had seizin of the land in dispute within twenty years, unless the possession of the defendant was the possession of the plaintiff, by estoppel, as was held by the court.

There was an action in 1873, by Jesse Moore, under whom the defendant claims, against Richmond Moore, the grantor of the plaintiff, putting in controversy the title to the land now in dispute, and at September Term, 1873, the cause was referred to an arbitrator, whose award was to be a rule of court. Such award was filed at Spring Term, 1874, of Caldwell, and by this award the line in controversy was determined as now claimed by the plaintiff.

We need not consider the objections raised by the defendant to the regularity of that proceeding, for, conceding that it was regular in all respects, it was an estoppel of that date, and the defendant cannot claim under any chain of title reaching beyond the judgment entered in 1874. To that extent it is an estoppel. But there is evidence here of uninter-

rupted adverse possession of the land by the defendant and his grantor, exercising dominion of an owner over the *locus in quo,* claiming it as his own, without protest or interruption from the plaintiff in this action or those under whom he claims. Taking this evidence as true, the defendant has acquired a new estate by disseizin, acquiesced in for forty years by the plaintiff. Such new estate can thus be acquired. *Call v. Dancy,* 144 N. C., 497.

There was evidence that the defendant and his grantor fenced up the *locus in quo,* used it as a pasture, and got timber from it, barn lumber, and firewood. The land being unfit for cultivation, such use of it was evidence of adverse possession, which should have been submitted to the jury, for it was evidence of an appropriation of the land for the purposes for which it was best, if not solely, adapted. If the jury had passed upon the question and found that such possession was adverse and continuous for more than twenty years prior to the beginning of this action, the plaintiff could not recover. Revisal, 383.

The court below, however, instructed the jury that in view of the finding of the jury to the third issue, *i. e.,* that the line had been established by the proceeding and judgment in 1874, the court held as a matter of law that the jury should respond to issues 6 and 7 (which the jury had left unanswered) that the defendant had not been in possession of the land under colorable title for seven years next preceding the commencement of this action, nor had held it adversely for more than twenty years prior to the commencement of this action.

The court evidently was of opinion that the proceeding in 1874 having adjudicated and settled the line, as between the parties under whom the plaintiff and defendant respectively claim, that such adjudication was an estoppel, and that the defendant could not set up possession since contrary thereto, however long continuued. The evidence of such possession should have been submitted to the jury.