JOHN RIDDLE ET ALS. v. ALFRED RIDDLE AND JOHN DAVIS.

(Filed 20 November, 1918.)

**1. Partition—Heirs at Law—Denial of Title—Evidence of Title—Dower—Judgment Roll.**

Where proceedings to partition lands of the deceased father are brought by his children and heirs at law, and one of them denies the title to have been in the father, but claims it adversely in himself, and the cause has been transferred and is being tried in the Superior Court, the judgment roll in the proceedings for dower theretofore terminated is competent as a *quasi* admission or evidence in contradiction of the adverse claim, when it therein appears that the widow alleged title in the deceased, which was not denied by the present adverse claimant, though a party to the proceedings.

**2. Same—Adverse Possession.**

Where in proceedings to partition lands among the children and heirs at law of the deceased father one of them denies the source of title and claims it adversely in himself, the judgment roll in the petition for dower alleging title in the deceased, and the widow's possession thereunder, is competent as evidence to show the character of the widow's possession, which may be tacked to the possession of her husband when sufficient with the other evidence of adverse possession to perfect the title in the heirs.

**3. Evidence—Deeds and Conveyances—Lost Deeds—Notice.**

Parol evidence of the contents of a lost deed in the chain of a controverted title is properly admitted when the proper notice to the adversary party has been given to produce it and the evidence shows that it was last in his possession.

**4. Evidence—Adverse Possession—State's Grants.**

Only the State's vacant and unappropriated lands are subject to entry, and where a party to an action involving title to lands claims that he held adversely at a certain date, evidence of a more recent entry of the lands in dispute is competent to contradict him.

**5. Statutes—Presumptions—Title—Prospective Effect.**

The statutory presumption of chapter 195, Laws 1917, that the disputed title to lands is out of the State unless the State is a party or the trial is of a protested entry, was effective, by the express terms of the statute, from 1 May, 1917, and has no application to this action theretofore commenced.

**6. Limitation of Actions — Adverse Possession — State Title — Evidence — Nonsuit—Questions for Jury—Trials.**

There being evidence of the adverse possession of a party to this action, involving the title to land, for more than thirty years, it is held sufficient to take the title out of the State and ripen his own title, and a motion for judgment as of nonsuit thereon was properly refused.

APPEAL by defendants from *Harding, J.,* at the February Term, 1918, of MOORE.

This is a proceeding for the partition of land, the plaintiffs claiming as the heirs of John Riddle. The defendant, Alfred Riddle, another heir of John Riddle, and John Davis, to whom Alfred had sold a part of the land, denied that John Riddle was the owner of the land at the time of his death, and pleaded sole seisin, and upon these issues the proceeding was tried in the Superior Court, it having been transferred by the clerk. It was not denied that the petitioners and Alfred Riddle were the heirs of John Riddle. The petitioners offered evidence of possession by John Riddle and of his widow under an allotment of dower.

The first exception of defendants is to the introduction of the judgment roll of the Superior Court of Moore County, in which the widow of John Riddle was the petitioner and the defendant Alfred Riddle and John Riddle's other children were parties defendant, and in which the widow alleged that John Riddle died seized of the 78 acres of land involved in this case (together with other lands), and asked for dower therein. The defendant Alfred Riddle filed no answer in the dower proceedings. Dower was allotted as prayed for and the widow remained in possession of the land in controversy.

The petitioners were permitted to offer evidence as to the contents of a deed made to the ancestor of the parties by one John McLeod. The only evidence as to the loss is the following testimony of Riley Riddle: "I saw a deed after the death of my father. I saw the deed at my father's house. Alfred got the deed out and showed it to me. I left the deed with Alfred. I have never seen it since."

The court found as a fact that plaintiffs gave due notice in writing to the defendants to produce the deed, and that defendants stated in court that they do not have it and have never had it. The defendants excepted. The petitioners also introduced a record showing that Alfred Riddle had entered the land in controversy under the entry laws, and the defendants excepted.

There was a motion for judgment of nonsuit, which was overruled, and the defendants excepted.

The jury returned a verdict in favor of the petitioners, and the defendants appealed from the judgment rendered thereon.

*H. F. Seawell for petitioners.*
*Zeb V. Sanders and U. L. Spence for defendants.*

ALLEN, J. There is authority for the position taken by the defendants that judgments do not ordinarily operate as estoppels between plaintiffs or defendants, usually having this effect only as between adversary parties, but it does not appear that the decree in the dower proceeding was relied on to estop the defendants from denying that John

Riddle was the owner of the land in controversy when he died, and clearly the evidence was competent as a *quasi* admission of Alfred Riddle, who was a party and who failed to answer the allegation that John Riddle died seized in fee of the land, and as contradicting his present claim of ownership by possession. It was also admissible to show the character of the possession by the widow in order that this might be tacked to the possession of the husband to perfect the title of the heir. *Atwell v. Shook,* 133 N. C., 387.

The parol evidence as to the contents of the lost deed was also properly admitted, as the petitioners had traced the deed to the possession of the defendant and had given him notice to produce it. 17 Cyc., 532; *Overman v. Clemmons,* 19 N. C., 192; *Murchison v. McLeod,* 47 N. C., 241.

The record of the entry was introduced after the defendant Riddle testified that he entered into possession of the land in 1879, and had held it, claiming it as his own, and was proper for the consideration of the jury as tending to contradict him, as only vacant and unappropriated lands can be entered.

The motion for judgment of nonsuit could not be sustained because the evidence of the petitioners tended to prove that John Riddle had held possession of the land adversely for more than thirty years, which, if believed, was sufficient to show title out of the State and to vest title in him.

John Riddle testified: "I know the land described in the complaint all my life. My father lived on it. He moved on it after I was married. My brother was not grown. He lived on it thirty or thirty-five years—until he died. He built houses on it and rented a part of the land to other parties."

There was other evidence that John Riddle held possession for more than twenty years, and that his widow continued in possession ten or twelve years after his death.

Chapter 195, Laws 1917, which provides that in all actions involving title, title shall be conclusively presumed to be out of the State unless the State is a party or it is the trial of a protested entry, has no application because this proceeding was commenced before 1 May, 1917.

No error.