LULA PENNELL v. LESTER BROOKSHIRE ET AL.

(Filed 12 January, 1927.)

**1. Evidence—Title—Color—Adverse Possession—Grants.**

A grant from the State covering the land concerning which the title is
in dispute, is not required to be registered before the commencement of
the action when registered before the trial, when introduced by the
plaintiff for the sole purpose of showing title out of the State, and he has
pleaded and relied on title by adverse possession under "color."

**2. Evidence—Objections and Exceptions—Motions to Strike Out—Appeal
and Error.**

Where the question and answer of the witness testifying upon the trial
are not duly objected to at the time, the appellant must move in apt time
to have the evidence stricken out, for his exception to be considered
on appeal.

**3. Appeal and Error—Grounds for Appeal—Trials—Different Theories.**

Where the appellant has tried his case in the Superior Court on one
theory, he may not successfully insist on appeal that error was com-
mitted by the lower court upon an entirely different one.

**4. Evidence—Title—"Color"—Adverse Possession.**

Where the plaintiff in the action involving title to lands relies upon ad-
verse possession under "color," he may recover upon his evidence thereof

without the introduction of a grant from the State to the *locus in quo* for the purpose of showing that title was out of the State, under the presumption raised by our statute, C. S., 426, 3315, 7579.

**5. Appeal and Error—Unresponsive Answers—Evidence—Motions.**

Where an answer to a question asked a witness on cross-examination is not responsive to the question asked, objection must be taken by motion to strike out the answer, and an exception to the denial thereof, for it to be considered on appeal.

**6. Evidence—Title—Adverse Possession—Grants — Statutes — Presumptions.**

Where the plaintiff relies on adverse possession under color, and in the conveyance under which she claims color refers to the land as "the Crouch tract," it is competent for a witness to testify that the *locus in quo* was generally known by that name.

**7. Evidence — Title — Color — Adverse    Possession — Restricted    Possession—Deeds and Conveyances—Boundaries.**

By his acts and declarations one claiming under title by adverse possession may show that his claim is within the boundaries given in the deed under which he relies as "color."

**8. Instructions—Appeal and Error.**

Where several phases of the charge of the judge to the jury come within a principle broadly applicable to the case, as, in this instance, the burden of proof, it is not error for the judge to omit to charge upon this general rule each time, when he has once correctly and clearly charged thereon.

APPEAL by defendants from *Lane, J.,* at May Term, 1926, of CALD-WELL. No error.

Action to recover damages for trespass upon lands. From judgment upon verdict, defendants appealed to the Supreme Court.

*Squires & Whisnant for plaintiff.*
*W. C. Newland, Lawrence Wakefield for defendants.*

CONNOR, J.   This action involves title to land situate in Caldwell County. Neither plaintiff nor defendants claim title under a grant from the State, nor do they claim from a common source. Both rely upon deeds offered in evidence, as color of title, and upon adverse possession thereunder for the time required by statute, to vest title, according to their respective contentions.

The jury found that plaintiff is the owner of the land described in the complaint, and that defendants have wrongfully trespassed thereon by cutting timber growing on said land. The damages which plaintiff is entitled to recover of defendants were assessed at $20.00. Defendants contend that there was error in the admission of evidence, to which they objected in apt time, and instructions to the jury, to which they duly excepted.

Plaintiffs offered in evidence a grant from the State, which was not registered at the time the action was begun, but which appeared to have been duly registered prior to the trial. This grant was offered only for the purpose of showing title out of the State; plaintiff's counsel stated in open court, at the time same was offered, that they could not connect plaintiff's title with said grant, and that they did not claim under it. Plaintiff further offered evidence tending to sustain her contention that the land described in the grant was the same land as that described in the complaint, and that she and those under whom she claimed had been in the adverse possession thereof under color of title at the time the action was begun for the time required to vest title thereto in her.

Defendants objected to the introduction of the grant, for that same was not registered until after the action was begun, and for the further reason that plaintiff does not claim under said grant. The objection cannot be sustained upon either of the grounds stated at the trial as appears in the case on appeal. Defendants rely upon *Morehead v. Hall,* 132 N. C., 122. In that case plaintiff relied solely upon the grant, which was not registered on the date the action was begun, as the source of his title. He conceded that at the time the action was begun he had not acquired title by adverse possession, either with or without color of title. In the instant case plaintiff offered the grant, not as the source of her title, but solely for the purpose of showing title out of the State. Although not registered at the commencement of the action, it was competent at least for that purpose. It has been held that registration of a grant from the State is not necessary to give it validity for the purpose of passing title. *Dew v. Pyke,* 145 N. C., 300; *Janney v. Blackwell,* 138 N. C., 437; C. S., 7579. As to registration of deeds of gift, see C. S., 3315. Although a grant was not registered at the commencement of the action if it is registered subsequent thereto, and prior to the trial, one who claims under the grant may connect himself therewith, and thereby show title in himself. *Herbert v. Development Co.,* 170 N. C., 622. A deed unregistered at the time the action was begun, but registered at the time of the trial, may be offered in evidence to show title in one who claims thereunder at the beginning of the action. *Brown v. Hutchinson,* 155 N. C., 207; *Burnett v. Lyman,* 141 N. C., 501.

The objection could not have been sustained upon the second ground assigned at the trial, to wit, that plaintiff did not claim under the grant. One of the various methods by which a plaintiff in an action to recover land may meet the requirement of the law that he must recover, if at all, on the strength of his own title, is that "he may show title out of the State by offering a grant to a stranger, without connecting himself with it, and then offer proof of open, notorious, continuous adverse possession, under color of title, in himself, and those under whom he claims, for seven

years before the action was brought." *Moore v. Miller,* 179 N. C., 396; *Prevatt v. Harrelson,* 132 N. C., 250; *Mobley v. Griffin,* 104 N. C., 112.

In their brief filed in this Court, defendants urge an additional reason why their objection to the introduction of the grant should have been sustained by the trial judge. It appears upon the face of the grant that it was not registered within two years after it was perfected. C. S., 7579. Defendants contend that there was no statute in force at the time the grant was registered, to wit, 3 December, 1924, extending the time for its registration. This was not assigned in the Superior Court as a ground for the objection. It has been held by this Court that a party to an action who has assigned specific grounds for an objection to evidence offered at the trial in the Superior Court will not be permitted to urge another ground in this Court, where the appeal is heard only upon assignments of error based upon exceptions set out in the case on appeal. *Proffitt v. Ins. Co.,* 176 N. C., 680; *Baggett v. Lanier,* 178 N. C., 129; *Ludwick v. Penny,* 158 N. C., 104. Upon a similar principle it is held that a party is not permitted to try his case in the Superior Court on one theory and then ask the Supreme Court to hear it on another and different theory. *Shipp v. Stage Lines,* 192 N. C., 475.

It may be conceded that the registration of the grant on 3 December, 1924, was not authorized by chapter 20, Public Laws 1924, Extra Session, entitled, "An act to extend the time for the registration of grants," etc., ratified 20 August, 1924. It is expressly provided therein that said act shall not affect pending litigation. This action, begun on 5 May, 1924, was then pending. If the grant was not duly registered when offered in evidence, and there was error in its admission for that reason, it cannot be held that such error was prejudicial. The grant was offered as evidence only that title to the land described therein had passed out of, and was no longer in the State; this, however, was conclusively presumed, under chapter 195, Public Laws 1917, now C. S., 426. Plaintiff who relied upon adverse possession under color of title was not required to show title out of the State. She offered evidence of title in herself at the time the action was begun, and did not show merely a line of deeds, as was the case in *Moore v. Miller,* 179 N. C., 396, where it was held that upon the facts in that case the presumption under C. S., 426, did not avail the plaintiff, who in the absence of evidence that title to the land in controversy had passed out of the State could not recover.

We find no error either in the admission of evidence tending to locate the land in controversy, or in the instructions to the jury. Where the answer to a question on cross-examination is not responsive, or contains matter which is objectionable, an exception thereto cannot be con-

CRISP v. FIBRE CO.

sidered on appeal to this Court, unless a motion to strike out is promptly made and denied. *Young v. Stewart,* 191 N. C., 297; 4 C. J., 703. It was competent for a witness to testify that people generally call the land in controversy "the Crouch tract"; the description of the land in deeds offered by plaintiff contains references to the Jacob Crouch land. *McNeely v. Laxton,* 149 N. C., 327.

We do not deem it necessary to discuss assignments of error based upon exceptions to instructions to the jury. These instructions are well supported by authorities cited in plaintiff's brief. In *Haddock v. Leary,* 148 N. C., 378, it is said that the occupant of land under color of title may restrict his constructive possession by his acts and declarations, showing that he does not make his claim of title by adverse possession coextensive with his color of title. This principle was correctly applied in the instruction to which defendants excepted.

The court having fully and correctly instructed the jury with respect to the burden of proof, omission to repeat the instruction in this regard with each succeeding instruction as to the law upon the varying facts as the jury might find them to be from the evidence, cannot be held to be error. The judgment is affirmed.

No error.