DILL-CRAMER-TRUITT CORPORATION v. D. W. DOWNS.

(Filed 22 February, 1928.)

**Ejectment—Presumption of Title Out of State—Appeal and Error—Trials —Instructions.**

In an action of ejectment involving title to lands, where the State is not a party, other than in trials of protested entries, etc., title is conclusively presumed to be out of the State, and it is error for the trial judge to instruct the jury that the burden of proof is on the plaintiff to show this in addition to sufficient adverse possession to ripen the title in himself. C. S., 426, 428, 430.

APPEAL by plaintiff from *Moore, Special Judge,* at October Special Term, 1927, of EDGECOMBE.

Civil action in ejectment and to enjoin the defendant from cutting timber on a certain tract of land described in the complaint.

From a verdict and judgment in favor of defendant the plaintiff appeals, assigning errors.

FINCH *v.* R. R.

*Henry C. Bourne for plaintiff.*
*George M. Fountain for defendant.*

STACY, C. J. There are at least two exceptive assignments of error appearing on the record which make it necessary to remand the cause for another hearing.

The court instructed the jury, *inter alia,* that in the present action the burden was on the plaintiff to show (1) title out of the State, and (2) adverse possession for seven years under color, or for twenty-one years without color. These instructions, as given, were erroneous.

In actions involving title to real property, where the State is not a party, other than in trials of protested entries laid for the purpose of obtaining grants, the title is conclusively presumed to be out of the State, and neither party is required to show such fact, though either may do so. C. S., 426; *Moore v. Miller,* 179 N. C., 396, 102 S. E., 627; *Pennell v. Brookshire,* 193 N. C., 73, 136 S. E., 257.

And in actions between individual litigants, as here, when one claims title to land by adverse possession and shows such possession (1) for seven years under color, or (2) for twenty years without color, either showing is sufficient to establish title in this jurisdiction. C. S., 428 and 430; *Power Co. v. Taylor,* 191 N. C., 329, 131 S. E., 646; *S. c.,* 194 N. C., 231.

For the errors, as indicated, a new trial must be awarded, and it is so ordered.

New trial.