This is a controversy without action. C. S., 626. The agreed statement of facts is as follows:
"1. That K. R. Hoyle recovered judgment against one Alex Evans for $200, with interest from 22 September, 1920, before Jesse Fry, J. P., which was duly transcribed and duly docketed and indexed in the office of the clerk of the Superior Court of More County as Judgment No. 12534, on 22 October, 1920.
2. That the said Alex Evans appealed there from to the Superior Court, and upon a hearing in the Superior Court thereon the judgment of the justice of peace was affirmed and judgment rendered in favor of K. R. Hoyle for the sum off $200, with interest from 22 September, 1920, together with the further costs of said appeal and the trial, the same having been docketed and indexed on 12 December, 1921, as Judgment No. 13002.
3. That Evander McIver, in 1886, entered into possession of the lands hereinafter described under one Ben Hicks, who was then the owner thereof, but did not receive a deed there for from him; and the said Hicks conveyed said land to one Alex Evans subsequent to 1886, and prior to 1892; and said deep to Alex Evans was duly recorded in 1892; *Page 833 
that there was admitted to probate and registered in Book 93, at page 65, on 30 November, 1923 a warranty deed from Alex Evans to Evander McIver for the following described land: Adjoining the land of Easter Richardson, Cooley Cameron and others, in the town of Southern Pines, on the west side of McDeed's Creek, beginning at a stake the Corner lots 4 an 5, running thence north 37 1/2, feet to a stake, corner lots 4 and 5, Eaglesfield's line; thence with the line of the Eaglesfield lot north 33 east 119 feet to a stake; thence south 60 east 95 feet to a stake the east corner of lots 4 and 5; thence south 33 west 150 feet to the beginning, that said deed recited a consideration of $75, and bore date of 14 May, 1892, and was executed and delivered on 14 May, 1892, the grantee named there in having already entered said lands six years prior to said date and having remained in possession other of, and he and those claiming under him have continuously since the date of the deed in 1892, occupied and used the same claiming there under to be the owners thereof.
4. That there was admitted to probate and registered in Book 92, at page 28, on 30 November, 1923, a warranty deed from Evander McIver and Amy McIver, his wife, to Elicia A. Blue, for the following lands: In McNeill's Township, adjoining the lands of Easter Richardson and others in West Southern Pines, Moore County, North Carolina, beginning at a stake in James Torrence's line and running thence N. 37 1/2 west 133 feet to a stake in the old Eaglesfield line; thence with the Eaglesfield line north 33 east 30 feet to a stake; thence 60 east 133 feet to a stake in Torrence's line;thence with said Torrence's line south 33 west 50 feet to the beginning; that said deed recites a consideration of $10 and love and affection, and bearing date of 10 May, 1907; and the said Elicia A. Blue immediately entered into possession of the same and occupied and claimed the same thereunder as her own until the execution of the deed described in the next paragraph, the northern portion there of measuring approximately 50 by 100 feet, adjoining the Eaglesfield line, being embraced in the deed from Ben Hicks to Alex Evans and from Alex Evans to Evander McIver, described in the next preceding paragraph.
5. That on 10 December, 1991, Elicia A. Blue by deed recorded 19 December, 1991, conveyed to plaintiffs, W. M. Johnson and wife, the same land conveyed to her and that plaintiffs have occupied, used and claimed the same thereunder since said date.
6. That Evander McIver has conveyed to persons other than plaintiff all the balance of the lands conveyed to him by Alex Evans.
7. That by the judgments docketed prior to the judgment of K. R. Hoyle, and also prior to the docketing thereof the homestead of Alex Evans was allotted and the excess sold (the lands described in the deed *Page 834 
from Alex Evans to Evander McIver not having been levied on under said execution, and not having been sold thereunder, or included in the homestead of Alex Evans).
8. That the plaintiffs claim to be the owners in fee simple of the lands described in the statements of facts, free and clear of any lien by reason of the judgment of the defendant, K. R. Hoyle, and the right to have K. R. Hoyle's claim removed as a cloud on title and to an injunction, and that the said defendant, K. R. Hoyle, claims an interest therein and a lien on the portion derived from Alex Evans by virtue of the docketing of the judgment against Alex Evans hereinbefore described, and has caused execution to issue thereon, and has placed the same in the hands of R. G. Fry, his codefendant, who is the duly elected and acting sheriff of Moore County, and who will, unless restrained therefrom, sell the same to satisfy said execution.
9. That the judgment of K. R. Hoyle against Alex Evans is unpaid." The judgment of the court below, after reciting certain facts, is as follows: "The court being of the opinion, and so holding, that by failure of the parties to record the deed from Alex Evans to Evander McIver and from Evander McIver to Elicia A. Blue until after the docketing of said judgment against Alex Evans, the said judgment became a lien upon said lands, and that the possession of the grantees under said deeds was not adverse, but was subordinate to that of Alex Evans until the registration of said deed; it is decreed ordered and adjudged: That the judgment of the defendant, K. R. Hoyle is a valid lien upon the lands of the plaintiff; that the motion of the plaintiff for a restraining order against the defendant be an the same here by is denied; and the defendant, R. G. Fry, Sheriff, is directed to proceed in said execution or an alias execution on such judgment, to make sale of the lands claimed by plaintiffs and embraced in the deed from Alex Evans to Evander McIver".
This an action brought by plaintiffs against defendants to remover cloud from plaintiffs' title, C. S., 1743, and restrain a sale under execution.
"Walker, J., in Christman v. Hilliard 167, N.C. 4, speaking to this stature, says: ` The beneficial purpose of his statute is to free the land of the cloud resting upon it and make its title clear and indisputable so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion". Plotkin v. Bank, 188 N.C. at p. 715. *Page 835 
The record discloses from the agreed facts that:
(1) Ben Hicks owned a certain piece of land in Moore County, N.C. Evander McIver went into possession of the land in 1886 under him. but received no deed from said Hicks.
(2) Ben Hicks, subsequent to 1886 and prior to 1892, conveyed said land to Alex Evans, which deed was duly recorded in 1892.
(3) Alex Evans on 14 May, 1982, executed and delivered a warranty deed to said land to Evander McIver; the deed recited a consideration of $75 the said McIver " having already entered said lands six years prior to said date and having remained in possession thereof and he and those claiming under him have continuously since the date of the deed in 1892 occupied and used the same, claiming thereunder to be the owners thereof."
(4) Evander McIver and Amy McIver, his wife, on 10 May 1907, made a warranty deed to Elicia A. Blue, consideration $10 and love and affection, for a part of said land deeded Evander McIver by Alex Evans. She "immediately entered in to possession of the same and occupied and claimed the same thereunder as own until "She, on 10 December, 1919, by deed duly recorded on 19 December, 1991, conveyed the same land to plaintiffs and they "have occupied, used and claimed the same thereunder since said date."
(5) That Evander McIver has conveyed to persons other than plaintiffs all the balance of the lands conveyed to him by Alex Evans.
(6) K. R. Hoyle, the defendant, has a judgment duly docketed and indexed on the judgment docket in the Superior Court of Moore County, on 12 December, 1921, against Alex Evans for $200. and interest from 22 September, 1920, and costs, which constitutes a lien, on any land owned by Alex Evans at the time or thereafter acquired, for ten years. See C.s., 614.
(7) The warranty deed made, executed and delivered by Alex Evans on 14 May, 1892, 1892, to Evander McIver was not registered until 30 November 1923 and the deed from Evander McIver and wife, Amy McIver, to Elicia A. Blue was not registered until 30 November, 1923.
The present action was commenced 20 June, 1927.
Evander Evans and those to whom the land in controversy has since been deeded have occupied and used said land, claiming thereunder to be the owners thereof, since 14 May, 1892. The judgment of K. R. Hoyle was docketed 12 December, 1921, some 28 years after the deed was made from Alex Evans to Evander McIver, which was not recorded until 30 November, 1923, after the Hoyle judgment was docketed 12 December, 1921.
Is the K. R. Hoyle judgment a valid lien of the land superior to plaintiffs' title? We cannot so hold. *Page 836 
To solve the question we must construe the following statutes:
C.S., 426 is as follows: "In all actions involving the title or real property title is conclusively deemed to be out of the State unless it is a party to the action, but this section does not apply to the trials of protested entries laid for the purpose of obtaining grants, nor to actions instituted prior to 1 May, 1917."
C.S., 428: "When a person or those under whom he claims is and has been in possession of any real property, under known and visible lines and boundaries and under colorable title, for seven years, no entry shall be made or action sustained against such possessor by a person having any right or title to the same, except during the seven years next after his right or title had descended or accrued, who in default of suing within that time shall be excluded from any claim thereafter made; and such possession so held is a perpetual bar against all persons not under disability."
C. S., 429: "No action for the recovery or possession of real property shall be maintained, unless it appears that the plaintiff, or those under whom he claims, was seized or possessed of the premises in question within twenty years before the commencement of the action, unless he was under the disabilities prescribed by law".
C. S., 430: "No action for the recovery or possession of real property, or the issues and profits thereof, shall be maintained when the person in possession thereof, or defendant in the action, or those under whom he claims, has possessed the property under known and visible lines and boundaries adversely to all other persons for twenty years; and such possession so held gives a title in fee to the possessor, against all persons not under disability."
C. S., 3309: "No conveyance of land, or contact to convey, or lease of land for more then three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor or lessor, but from the registration thereof within the county where the land lies." The proviso not material. This is known as the Connor Act.
In Moore v. Miller, 179 N.C. at p. 398, in reference to R. S. 426, it is said: "It is well recognized that, in action of this character, a litigant on whom rested the burden of the issue, suing for a small piece of land, with a view only of showing title out of the State, was called on to establish the location of some old grant, often of much larger boundary. Ancient of date, with the witnesses who could speak directly to the facts dead, many of the marks and monuments of boundary destroyed or obliterated, it was an effort entailing much cost and expense, and not infrequently threatening a miscarriage of justice, and this when it was fully understood that, if a prima facie case was established and the *Page 837 
adversary required to offer proof, he too would insist on the position that title was out of the State. To remove this burdensome and untoward condition, the Legislature has enacted this most desirable statute providing that, in actions between individual litigants, title should be conclusively presumed to be out of the State, But that is the extent and limit of it. There is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself" See Power Co. v. Taylor 194 N.C. 231. This section having no retrospective effect is applicable only to actions commenced since 1 May, 1917. Riddle v. Riddle, 176 N.C. 485. This statute affects the remedy — mode of procedure — and is with in the power of the General Assembly to pass. See Brown v. Auto. Co., ante, 647;Williams v. Motor Lines, ante, 682. Under well settled practice, where both parties claim title under the same grantor — a common source — it is sufficient to prove title derived from him, without proving his title, as neither party can deny such title, sometimes called an estoppel.
It will be noted that before the K.R. Hoyle judgment against Alex Evans, which was docketed 12 December, 1991, that Alex Evans had sold the land in controversy to Evander McIver, on 14 May, 1892, some 28 years before, although the deed was not recorded until 30 November, 1923, some 31 years thereafter. A deed is good and valid between the parties there to without registration, and may be proved on trial as at common law. Williford,148 N.C. 474; Weston v, Roper Lumber Co., 160 N.C. 263; King v.McRackan, 168 N.C. 621.
Under C.S., 430, "no action for recovery or possession of real property or the issues and profits thereof shall be maintained when the person in possession thereof or defendant in the action or those under whom he claims has possessed the property (a) under known and visible lines andboundaries, (b) adversely to all other persons for twenty years and such possession so held gives a title in fee to the possessor in such property
against all persons not under disability. Walden v. Ray, 121 N.C. 237;More v. Curtis, 169 N.C. 74; Stewart v. Stephenson, 172 N.C. 81; PowerCo. v. Taylor 191 N.C. 329; Crews v. Crews, 192 N.C. 679.
On the present record it cannot be disputed that plaintiffs and those under whom they claim, have possessed the property under known and visible lines and boundaries for more than twenty years before the judgment of K. R. Hoyle was docketed. Was it adversely to all persons for twenty years? We think so.
In Locklear v. Savage 159 N.C. at p. 237-8 it is said: "What is adverse possession within the meaning of the law has been well settled by our decisions, It consist in actual possession, with an intent to hold *Page 838 
solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasses. It must be decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner." citing numerous authorities.
Under the Locklear case, supra, the property in controversy, it cannot be disputed, was held adversely by plaintiffs and those under whom plaintiffs claimed title for over twenty years — some twenty-eight years before the K. R. Hoyle judgment was docketed. When the Hoyle judgment was docketed, under the statute. C.S., 430, supra, the plaintiffs had a statutory title in fee to the land. This lien of K. R. Hoyle judgment is based on C. S., 614 "and is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquired at any time thereafter, for ten years from the date of the rendition of the judgment". At the time of the docketing of the judgment Alex Evans had no land; he had deeded it away, and plaintiffs had a title in fee under the statute. The K. R. Hoyle judgment claim is bottomed on the real property owned by Alex Evans at the time it was docketed. Alex Evans, under C. S., 249, was not seized of possessed of the land with in twenty years. Stewartv. McCormick, 161 N.C. 625. Plaintiffs, and those under whom they claimed were in possession of the land in controversy, holding same adversely to Alex Evans, who made the original deed in the chain, under known and visible lines and boundaries for twenty-eight years before the Hoyle judgment was docketed.
We do not think that C. S., 428 and C. S., 3309 the Connor Act. is applicable to this controversy. Plaintiffs do not base their claim on seven years possession under color of title. An unregistered deed ordinarily is not color of title, except as between the original parties.
In King v. McRackan, 168 N.C. at 624, it is said: "prior to the Connor Act of 1885, a unregistered deed was in all color of title if sufficient in form (Hunter v. Kelly, 92 N.C. 285), but after the passage of that act it was held in Austin v. Staten, 126 N.C. 783, that an unregistered deed was not color of title, The question was again considered in Collins v. Davis.131 N.C. 106 and the ruling in the case of Austin v. Staton was modified so that it only applied in favor of the holder of the subsequent deed executed upon a valuable consideration, *Page 839 
and the Court has since then consistently adhered to the latter decision.Janney v. Robbins, 141 N.C. 400; Burwell v. Chapman, 159 N.C. 209." SeeGore v. McPherson, 161 N.C. 6389; Ennis v. Ennis, ante 320.
Plaintiffs do not base their claim to the land under C. S., 428, the unregistered deed which was not color of title but under C. S. 429, and C.S., 430 — twenty years adverse possession under known and visible lines and boundaries. Plaintiffs had title under these statutes before the judgment of K. R. Hoyle was taken against Alex Evans. Eaton v. Doub, N.C. 14 relied on by defendants, is not applicable here. In that case it was held that an unregistered deed was not color of title, and the seven years statute requiring color of title could not prevail under C.S., 428 against a judgment creditor of the grantor. That case was a hard one the humaneAssociate Justice who wrote it said, "We cannot refrain from expressing regret that after careful consideration of this case we are unable to arrive and any other conclusion".
In Dill-Cramer-Truitt Corp. v. Downs, ante at p. 190 the whole matter is well and succinctly stated: "In actions involving title to real property, where the State is not a party, other than in trials of protested entries laid for the purpose of obtaining grants, the title is conclusively presumed to be out of the State, and neither party is required to show such fact, though either may do so. C.S., 426; Moore v. Miller, 179 N.C. 396,102 S.E. 627, Pennell v. Brookshire, 193 N.C. 73; 136 S.E. 257. And in actions between individual litigants, as here, when one claims title to land by adverse possession and shows such possession (1) for seven years under color, or (2) for twenty year without color, either showing is sufficient to establish title this jurisdiction. C.S,. 428 and 430; PowerCo. v. Taylor, 191 N.C. 329,131 S.E. 646; S.C., 194 N.C. 231."
Succinctly — Evander McIver, without deed, had been in possession of the in controversy some six years, and went into the possession under Ben Hicks, and since 1892 he and those in privity, including plaintiffs. occupied and used the land, claiming thereunder to be the owners thereof. Ben Hicks deeded the same land to Alex Evens, who registered the deed in 1892. Then Alex Evans who deeded the land to Evander McIver, the party already in possession, on 14 May, 1892, This deed was not registered until 30 November, 1923. Evander McIver and those in private, including plaintiffs, held the land in controversy under known and visible lines and boundaries for twenty-eight years before the K. R. Hoyle judgment was docketed against Alex Evans, 12 December, 2921.
The unregistered deed from Alex Evans to Evander McIver was good and valid between the parties. Evander McIver and those in *Page 840 
privity, including plaintiffs, held the possession under known and visible lines and boundaries at least twenty-eight years, it goes without saying adverse to Alex Evans, as he parted with the title and possession and the possession was under known and visible lines and boundaries, necessarily adverse to Alex Evans and all other persons. The law. C. S., 430 steps in and says such adverse possession for twenty years so held gives a title in fee to the possessor of such property, the plaintiff, those in privity. Under the facts and circumstances of this case, if Evander McIver had no deed to the property in controversy, those in privity, the plaintiffs, under C. S., 430 would have a title in fee — a fortiori Evander McIver had a good and valid deed, although not registered. It is a beneficent statute to shut out stale claims, Alex Evans had no interest in the land in controversy when K.R. Hoyle's Judgment was docketed.
For the reasons given, the judgment below is
Reversed.