FRED S. RAMSEY, JACK RAMSEY, ELIZABETH RAMSEY, AND BOYD RAMSEY, BY THEIR GENERAL GUARDIANS, SOPHIA RICE AND CLEOPHUS RICE, v. JOHN RAMSEY, RUTH BULLMAN AND HUSBAND, EZEKIAL BULLMAN, ARNOLD RAMSEY AND WIFE, GLADYS RAMSEY, EARL RAMSEY AND WIFE, MARTHA RAMSEY.

(Filed 8 March, 1944.)

**1. Ejectment §§ 9a, 11—**

Ordinarily, any person claiming title to real estate, whether in or out of possession, may maintain an action to remove a cloud from title against anyone who claims an interest in the property adverse to the claimant, and is required to allege only that defendant claims an interest in the land in controversy.

**2. Ejectment § 11—**

While it has been said that, in an action to determine adverse claims to land, it is not necessary for plaintiff to set forth the nature of defendants' claim, the adverse or beclouding character of the claim or other matter complained of should appear in the complaint; and, where fraud is relied on, it must be alleged and proved.

**3. Ejectment § 15—**

An action to remove a cloud from title cannot be sustained, when the title or pretended title is not adverse to complainant.

**4. Ejectment § 14—**

In an action in ejectment, where the actual record title to the land involved is not adverse to plaintiffs, but confirms title in them, and no relief is sought on the ground of fraud, there is no error in the refusal of the trial court to admit in evidence an original deed for the land described in the complaint for the purpose of plaintiff's attacking it.

**5. Adverse Possession § 2—**

Since the adoption of ch. 195, Public Laws 1917, G. S., 1-36, in actions between individual litigants involving title to real property, except when protested entries are involved, title is conclusively deemed to be out of the State.

**6. Adverse Possession § 4f—**

Where a widow, entitled to a dower, remains upon the land of her husband after his death, whether or not dower is assigned, her possession is not adverse to the heirs of her husband.

**7. Adverse Possession § 7—**

The possession of the widow is not only not adverse to the heir, but it may be tacked to the possession of the ancestor for the purpose of perfecting title in the heir.

APPEAL by plaintiffs from *Alley, J.,* at September Term, 1943, of MADISON.

Civil action in ejectment to recover two tracts of land in Madison County containing 25 acres and 15 acres, respectively.

Andrew Ramsey and his wife, Lillie Ramsey, had born unto them three children, to wit, Fred S. Ramsey, Boyd Ramsey and Sophia Ramsey Rice. Boyd Ramsey died leaving three minor children, Jack Ramsey, Elizabeth Ramsey and Boyd Ramsey; Sophia Rice and Cleophus Rice having qualified as their general guardians.

Prior to the institution of this action, Sophia Rice and her husband, Cleophus Rice, executed a deed, dated 14 June, 1941, conveying all their right, title and interest in and to both of the aforesaid tracts of land to Fred S. Ramsey. Hence, the plaintiffs herein are Fred S. Ramsey and the minor children of Boyd Ramsey, deceased.

On 27 March, 1899, James Soloman and wife, Rillia Soloman, executed a deed in fee simple to Andrew Ramsey for the 25-acre tract of land referred to herein, which instrument was recorded in the office of the register of deeds for Madison County, 12 September, 1899.

On 18 November, 1901, James Gosnell executed a deed, in which the names of Andrew Ramsey and Lillie Ramsey appear as grantees, for the 15-acre tract of land referred to herein. This instrument was registered in the office of the register of deeds for Madison County, on the last day of February, 1913.

Plaintiffs allege that at the time of the execution and delivery of the foregoing deed the only name appearing therein as grantee was that of Andrew Ramsey, now deceased.

After obtaining title to the 25-acre tract of land from James Soloman and wife, Andrew Ramsey built a home on said land and moved with his family into said home, and occupied the premises until his death in 1905.

The evidence further discloses that Mrs. Lillie Ramsey, widow of Andrew Ramsey, continued to live on the premises until about 1910, and that she thereafter rented the land to one Mark Chandler for several years. She moved to Tennessee and married John Ramsey, returning to the home place with her said husband some time prior to 1913, where she resided continuously until her death, 16 May, 1941. She was in continuous possession of both tracts of land from the death of Andrew Ramsey, in 1905, until her own death in 1941.

There were born of the second marriage, Earl Ramsey, Ruth Ramsey Bullman and Arnold Ramsey, who, together with their father, John Ramsey, and the wives and husband of said children respectively, are defendants.

The defendants allege that in the execution of the deed to Andrew Ramsey by Rillia Soloman and James Soloman, by mutual mistake and inadvertence, the name of Lillie Ramsey was omitted and only the name of Andrew Ramsey was inserted in the deed. It is also alleged that this 25-acre tract of land was inherited by Lillie Ramsey from her mother, Mary Norton, and that the above deed from her sister Rillia Soloman and her husband, was in exchange of property between the two sisters, and further allege that Andrew Ramsey was a trustee and held the title to said land for the use and benefit of his wife, Lillie Ramsey.

The defendants introduced the last will and testament of Mrs. Lillie Ramsey, executed on 15 May, 1941, which was duly probated in the office of the clerk of the Superior Court of Madison County, on 20 May, 1941, and no caveat has been filed thereto.

In the aforesaid will of Lillie Ramsey, deceased, she devised to her children, Sophia Rice and Fred Ramsey, and to her grandchildren, heirs at law of her son Boyd Ramsey, the 15-acre tract of land. She devised to her children of the second marriage the 25-acre tract of land.

Plaintiffs allege that they are the owners of and entitled to the possession of both tracts of land referred to herein, and that the defendants are in the unlawful possession of the 25-acre tract and are claiming some interest in the 15-acre tract.

The defendants deny both allegations and admit that the plaintiffs are the owners of the 15-acre tract of land, but allege they hold the title under and by virtue of the aforesaid will of Mrs. Lillie Ramsey.

From a directed verdict in favor of defendants, and the judgment thereon, adjudging the defendants to be the owners of the 25-acre tract of said land, the plaintiffs appeal and assign error.

*Geo. M. Pritchard and Geo. L. Greene for plaintiffs.*
*Carl R. Stuart and Guy V. Roberts for defendants.*

DENNY, J.   The first exception relates to the refusal of his Honor to admit in evidence the original deed for the 15-acre tract of land described in the complaint, for the purpose of attacking it.

The plaintiffs contend that this 15-acre tract of land was conveyed originally to Andrew Ramsey as sole grantee, that the name of his wife, Lillie Ramsey, was inserted afterwards, thereby giving Lillie Ramsey, according to the record, title to the property, since Andrew Ramsey, her husband, predeceased her.  Lillie Ramsey devised this tract of land to her two surviving children by her first husband, Andrew Ramsey, and to her grandchildren, heirs at law of another child by her first husband, who had predeceased her.  Lillie Ramsey's will has been duly probated and no caveat filed thereto.  However, plaintiffs insist they are entitled to hold this land directly from Andrew Ramsey, and not under and by virtue of the deed, which purports to create an estate by the entirety and the devise from Lillie Ramsey.  The defendants in their answer aver the plaintiffs are the owners of the 15-acre tract of land, they testified to that effect, and stated in open court in the trial below that they claim no interest in said 15-acre tract of land.  They assert, however, the plaintiffs hold title to the 15-acre tract of land under and by virtue of the will of Lillie Ramsey and not otherwise.

Ordinarily, any person claiming title to real estate, whether in or out of possession, may maintain an action to remove a cloud from title against one who claims an interest in the property adverse to the claimant, and is required to allege only that the defendant claims an interest in the land in controversy.  *Plotkin v. Bank,* 188 N. C., 711, 125 S. E., 541; *Carolina-Tennessee Power Co. v. Hiawassee Power Co.,* 175 N. C., 668, 96 S. E., 99; *Satterwhite v. Gallagher,* 173 N. C., 525, 92 S. E., 369; *Rumbo v. Gay Mfg. Co.,* 129 N. C., 9, 39 S. E., 581; *Daniels v. Baxter,* 120 N. C., 14, 26 S. E., 635.  See also *Higgins v. Higgins,* 212 N. C., 219, 193 S. E., 159.

There appears to be some well established exceptions, however, to the general rule.  In 44 Am. Jur., sec. 79, p. 63, it is said: "While it has been stated that in an action to determine adverse claims it is not necessary for the plaintiff to set forth the nature of the defendant's claim, except in cases of fraud, the adverse or beclouding character of the claim or other matter complained of should appear from the complaint.  If

the complainant relies on fraud to overcome the effect of an instrument, he must allege and prove the fraud," citing *Thompson v. Moore,* 8 Cal. (2d), 367, 65 P. (2d), 800, 109 A. L. R., 1027; *Strong v. Whybark,* 204 Mo., 341, 102 S. W., 968, 12 L. R. A. (N. S.), 240, 120 Am. St. Rep., 710. Moreover, an action to remove a cloud from title cannot be sustained when the title or pretended title is not adverse to the complainant. 44 Am. Jur., sec. 11, p. 11; *Murray v. Hazell,* 99 N. C., 168. The actual record title to the 15-acre tract of land is not adverse to the plaintiffs, but confirms title in them; and the complaint does not seek relief by way of reformation of the deed based on fraud. Hence, we think his Honor properly sustained the defendants' objection to the proffered evidence.

The eighth and tenth exceptive assignments of error are directed to the following portions of his Honor's charge: "The plaintiffs have proceeded in this case upon the theory that they had seven years possession under color of title before the action was brought, but no grant has been shown as having issued to the plaintiffs or anybody else, and before plaintiffs could avail themselves of that remedy they would have to prove that a grant was issued to somebody and then, even without connecting themselves with the grant, show title by adverse possession, open, notorious and continuous possession, for seven years under known and visible lines and boundaries and under color of title. . . . There is no evidence that they had that continuous, open, notorious, adverse possession under color of title for seven years, and they likewise do not introduce a grant from the State to any person, which is absolutely necessary in a case where they claim title by seven years possession under color of title. They must first introduce a grant from the State to some person."

Since the adoption of chapter 195, Public Laws of 1917, C. S., 426, G. S., 1-36, in actions between individual litigants involving the title to real property, except when protested entries are involved, title is conclusively deemed to be out of the State. *Ward v. Smith,* 223 N. C., 141, 25 S. E. (2d), 463; *Berry v. Coppersmith,* 212 N. C., 50, 193 S. E., 3; *Johnson v. Fry,* 195 N. C., 832, 143 S. E., 857; *Dill Corporation v. Downs,* 195 N. C., 189, 141 S. E., 570; *Pennell v. Brookshire,* 193 N. C., 73, 136 S. E., 257; *Moore v. Miller,* 179 N. C., 396, 102 S. E., 627.

The seventh exception is to the action of the court in directing a verdict in favor of the defendants.

The plaintiffs introduced the deed to the 25-acre tract of land, which deed is dated 27 March, 1899, and was duly recorded on 12 September, 1899. Plaintiffs also introduced evidence to the effect that Andrew Ramsey, the grantee in said deed, built a house on said tract of land, immediately after the purchase thereof, moved with his family to the premises and occupied the same until his death in 1905, and that his widow and children continued to occupy said premises until about the

year 1910, thereafter the widow rented the land to one Mark Chandler for several years, but upon her marriage to John Ramsey, she returned to the Ramsey home with her husband, some time prior to 1913, and continued to reside there until her death, 16 May, 1941.

This evidence was sufficient to carry the case to the jury on the question of title by adverse possession under color of title for seven years. It was error to direct a verdict in favor of defendants. As stated in *Jacobs v. Williams,* 173 N. C., 276, 91 S. E., 951: "The possession of the widow is not only not adverse to the heir, but it may be tacked to the possession of the ancestor for the purpose of perfecting title in the heir."

Where a widow, entitled to dower, remains upon the land of her husband after his death, whether or not dower is assigned, her possession is not adverse to the heirs of her husband. *Farabow v. Perry,* 223 N. C., 21, 25 S. E. (2d), 173; *Trust Co. v. Watkins,* 215 N. C., 292, 1 S. E. (2d), 853; *Atwell v. Shook,* 133 N. C., 387, 45 S. E., 777; *Everett v. Newton,* 118 N. C., 919, 23 S. E., 961; *Nixon v. Williams,* 95 N. C., 103.

We refrain from discussing the remaining exceptions to matters which may not recur on another trial. For the reasons stated herein, there must be a

New trial.